# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGIA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, as an organization; and the GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC., as an organization; | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| v. | ) ) | FILE NO. |
| DEKALB COUNTY BOARD OF REGISTRATION AND ELECTIONS; ANTHONY LEWIS in his official capacity as Member of the DeKalb County Board of Registration and Elections; SUSAN MOTTER in her official capacity as Member of the DeKalb County Board of Registration and Elections; DELE LOWMAN SMITH in his official capacity as Member of the DeKalb County Board of Registration and Elections; SAMUEL TILLMAN in his official capacity as Member of the DeKalb County Board of Registration and Elections; BAOKY N. VU, in his official capacity as Member of the DeKalb County Board of Registration and Elections; and ERICA HAMILTON in her official capacity as Director of Voter Registration and Elections; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

The Georgia State Conference of the National Association for the Advancement of Colored People and the Georgia Coalition for the People's Agenda bring this action against the DeKalb County Board of Elections and Registration; Anthony Lewis, Susan Motter, Dele Lowman Smith, Samuel Tillman, and Baoky N. Vu in their official capacities as Members of the DeKalb County Board of Registration and Elections; and Erica Hamilton in her official capacity as Director of Voter Registration and Elections, showing the Court as follows:

## NATURE OF THE ACTION

1.      This action addresses the DeKalb County Board of Registration and Elections' ("DeKalb BORE") repeated violations of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501-20511, and burdening of Georgians' fundamental right to vote in violation of the First and Fourteenth Amendments through the unlawful and discriminatory removal of eligible voters from the registration list.

2.      The DeKalb BORE conducted at least four challenge hearings between August and November of 2019.  The DeKalb BORE began sending challenge letters in December of 2018.  Acting through its members and staff, and with the cooperation of others, the DeKalb BORE immediately purged eligible voters from

the registration list without following federally mandated safeguards, namely, obtaining written confirmation from the voter or providing adequate notice and waiting for the grace period of two federal election cycles to pass.

3.      DeKalb BORE officials have encouraged, solicited, and acted on extraordinary voter challenges that extend beyond the routine list maintenance activities that are required by state and federal law.  For example, the DeKalb BORE actively solicited challenges to the eligibility of voters in the City of Decatur.  After Decatur officials declined to identify any voters who warranted a challenge, DeKalb BORE officials made false suggestions to the contrary and, on their own initiative, proceeded to locate Decatur voters to challenge and ultimately to purge.  Several of the Decatur voters were selected for removal based on arbitrary and discriminatory criteria, such as the voters' use of non-traditional housing as their address of registration.

4.      The DeKalb BORE's purges based on these challenge procedures violate the NVRA, which Congress enacted in large part to protect United States citizens from discriminatory and unfair registration laws, with particular emphasis on those practices that negatively affect voter participation among voters of color and other vulnerable groups.

5.     The NVRA expressly sets forth requirements that governing bodies must meet before removing a voter from the registration rolls.  Pursuant to the NVRA, an election administrator may only remove voters from the registration list on the basis that they have moved if one of two requirements are met.  First, voters may be removed if they confirm in writing that they have moved.  Second, voters may be removed if they receive a formal notice, in writing, that their address needs to be confirmed, 52 U.S.C. § 20507(d)(2); and they are given an adequate opportunity to respond to the notice or to demonstrate continued residency by voting during one of the next two federal election cycles.  *Id.* § 20507(d)(1)(B).

6.     Defendants have violated and continue to violate the NVRA by, among other things, removing voters without affording the notice, opportunity to respond, and two election cycle waiting period required by the NVRA.   Moreover, Defendants' rushed, arbitrary, and discriminatory purge process burdens DeKalb County voters' fundamental right to vote in violation of the First and Fourteenth Amendments to the U.S. Constitution.

7.     By soliciting challenges from municipalities and attempting to purge registered voters in the City of Decatur and a handful of other neighborhoods without similarly examining the registration status of voters in the unincorporated portions

of DeKalb County, the DeKalb BORE has further violated the NVRA's prohibition on non-uniform and discriminatory list maintenance procedures.

8.    Additionally, Defendants improperly burden the right to vote of voters residing in transitional housing and non-traditional residences in violation of the First and Fourteenth Amendments to the U.S. Constitution.

9.    This lawsuit does not challenge the purging of voters who provided written confirmation that they no longer live at their address of registration. The lawsuit also does not challenge the purging of voters who received an NVRA-compliant confirmation notice, were placed in inactive status, and remained in that status for two federal election cycles prior to removal.

## PARTIES

10.    Plaintiff Georgia State Conference of the National Association for the Advancement of Colored People, Inc. ("Georgia NAACP") is a non-partisan, interracial, nonprofit membership organization that was founded in 1941. Its mission is to eliminate racial discrimination through democratic processes and ensure the equal political, educational, social, and economic rights of all persons, including African-Americans in particular. It is headquartered in Atlanta, Georgia and currently has approximately 10,000 members, many of whom reside in DeKalb County. The Georgia NAACP's membership includes registered voters residing in

121275258.v1

DeKalb County whose right to vote is at risk of being abridged by the DeKalb BORE's purges.  The Georgia NAACP works to protect voting rights through litigation, advocacy, legislation, communication, and outreach, including work to promote voter registration, voter education, get out the vote ("GOTV") efforts, election protection, and census participation.  The Georgia NAACP regularly conducts voter registration drives and submits many voter registration applications to DeKalb County elections officials.  Defendants' voter purges harm the Georgia NAACP's mission and are causing the Georgia NAACP to divert a portion of its financial and other organizational resources to educating voters about Defendants' purges and assisting eligible voters who have been purged from the rolls.  As a result, the Georgia NAACP has and will have fewer resources for its other organizational activities unless Defendants are enjoined from continuing to illegally purge voters.

11.    Plaintiff Georgia Coalition for the People's Agenda, Inc. ("GCPA") is a Georgia nonprofit corporation with its principal place of business located in Atlanta, Georgia.  The GCPA is a coalition of more than 30 organizations, which collectively have more than 5,000 individual members, many of whom reside in DeKalb County.  The GCPA encourages voter registration and participation, particularly among African-American and other underrepresented communities. The GCPA's support of voting rights is central to its mission.  The organization

121275258.v1

regularly commits time and resources to conducting voter registration drivers, voter education, voter ID assistance, Souls to the Polls, and other GOTV efforts in DeKalb County. Defendants' voter purges harm GCPA's mission of encouraging minority voter registration and participation. Defendants' purges are causing GCPA to divert a portion of its financial and other organizational resources to educating voters about Defendants' purges and assisting potential voters who have been purged from the rolls. As a result, the GCPA has and will have fewer resources to dedicate to its other organizational activities unless Defendants are enjoined from continuing to illegally purge voters.

12.     Defendant DeKalb County Board of Registration and Elections ("DeKalb BORE") is a political body of DeKalb County, Georgia, and is the governing body that oversees elections and maintains the voter registration list in DeKalb County, Georgia. The DeKalb BORE's headquarters is located at 4380 Memorial Drive, Suite 300, Decatur, Georgia 30032-1239.

13.     Defendant Anthony Lewis is a member of the DeKalb BORE, resides in DeKalb County, Georgia, and is being sued in his official capacity.

14.     Susan Motter is a member of the DeKalb BORE, resides in DeKalb County, Georgia, and is being sued in her official capacity.

7

15.     Dele Lowman Smith is a member of the DeKalb BORE, resides in DeKalb County, Georgia, and is being sued in her official capacity.

16.     Samuel E. Tillman is a member of the DeKalb BORE, resides in DeKalb County, Georgia, and is being sued in his official capacity.

17.     Baoky N. Vu is a member of the DeKalb BORE, resides in DeKalb County, Georgia, and is being sued in his official capacity.

18.     Defendant Erica Hamilton is the Director of Voter Registration and Elections in DeKalb County, and is being sued in her official capacity.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States; under 28 U.S.C. §§ 1343(a)(3)-(4) and 1357 because this action seeks equitable and other relief pursuant to an act of Congress providing for the protection of the right to vote; and under 42 U.S.C. §§ 1983 and 1988 because this action seeks to enforce rights and privileges secured by the laws of the United States.

20.     This Court has authority to issue declaratory and injunctive relief in this action pursuant to 28 U.S.C. §§ 2201 and 2202.

21.     Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391, and in the Atlanta Division under Local Civ. R. 3.1, because Defendants

reside in this district and division, and the events or omissions giving rise to the claim occurred within this district and division.

22.     This Court has personal jurisdiction over Defendants because each Defendant does business in or is domiciled within the Northern District of Georgia.

## NATIONAL VOTER REGISTRATION ACT

23.     The National Voter Registration Act sets forth mandatory procedures for state elections that further the statute's several purposes, including to "increase the number of eligible citizens who register to vote in elections for Federal office"; "to protect the integrity of the electoral process"; and "to ensure that accurate and current voter registration rolls are maintained."  52 U.S.C. §§ 20501(b)(1), (3)-(4).

24.     Registered voters in DeKalb County are eligible to vote in federal elections because the State of Georgia maintains a unitary voter registration process for state and federal elections.  The DeKalb BORE's election procedures, including its voter purges, are therefore subject to the NVRA.

25.     Section 8 of the NVRA protects registered voters against wrongful removal from voter registration lists in at least two pertinent ways.  First, it prohibits the removal of registered voters on the basis of a change in residence unless the registrant: (a) confirms the change of residence in writing or (b) *both* fails to respond to a notice, the contents and manner of mailing of which are prescribed by the NVRA

and detailed below, *and* fails to vote or otherwise contact the elections office during the next two federal election cycles after receiving the notice.    52 U.S.C. § 20507(d)(1).    Second, it requires that list-maintenance programs be reasonable, uniform, and nondiscriminatory.  *Id.* § 20507(a)(4), (b)(1).

26.    Section 8 of the NVRA provides that, where a voter has not directly confirmed a change of address or requested removal from the voter rolls, the state may not cancel the voter's registration unless it has sent the voter, by mail that can be forwarded: (1) a postage-prepaid and pre-addressed return card on which the registrant may state his or her current address; and (2) a notice to the following effect:

> (A) If the registrant did not change his or her residence, or changed residence but remained in the registrar's jurisdiction, the registrant should return the card not later than the time provided for mail registration . . . .  If the card is not returned, affirmation or confirmation of the registrant's address may be required before the registrant is permitted to vote in a Federal election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice, and if the registrant does not vote in an election during that period the registrant's name will be removed from the list of eligible voters.
>
> (B)  If the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered, information concerning how the registrant can continue to be eligible to vote.

52 U.S.C. § 20507(d)(2)(A)-(B).

27.     Section 8(b) of the NVRA further mandates that "[a]ny State program or activity to protect the integrity of the electoral process . . . shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965." 52 U.S.C. § 20507(b)(1).

28.     The term "uniform" as used in Section 8(b)(1) of the NVRA means "that any purge program or activity must be applied to an entire jurisdiction." House Report No. 103-9, H.P. REP. 103-9, 15-16, 1993 U.S.C.C.A.N. 105, 119-20.

## DEFENDANTS' VIOLATIONS OF SECTION 8 OF THE NVRA

29.     Defendants have engaged in voter purging that violates the NVRA by immediately removing eligible voters based on alleged residence changes without either (a) receiving directly from the voter written confirmation of the change in residence or a request for removal, or (b) complying with Section 8(d)'s notice-and-waiting requirement.   Defendants' voter purging also violates the NVRA by removing electors in a non-uniform and discriminatory manner, in violation of Section 8(b).

**A.      Unlawful Immediate Purging of Registered Voters**

30.     Defendants are engaged in an ongoing practice of immediately removing voters upon receiving a challenge of eligibility based on alleged changes of address.

11

121275258.v1

31.     The DeKalb BORE received, initiated, or considered challenges to the eligibility of at least 129 voters between December 2018 and November 2019.  The vast majority of the challenges were initiated and considered between July and November 2019.

32.     For example, at the DeKalb BORE meeting on August 1, 2019, Defendants immediately purged one voter because he allegedly "has not lived at the address since 2015" and a letter addressed to him "was returned undeliverable."  A true and correct copy of the meeting minutes reflecting this purge is attached as Exhibit 1.  The DeKalb BORE neither received a written confirmation of changed residence from the voter nor sent the voter a notice that conforms to the requirements of Section 8(d)(2) (a "Confirmation Notice") and waited for two federal election cycles of voter inactivity to pass before purging them.

33.     At the same meeting, three other voters were purged because an unnamed third party sent a letter to the DeKalb BORE stating that they "no longer lived at the address" and a "letter addressed to each individual was returned undeliverable."   The DeKalb BORE neither received written confirmation of changed residence from these voters nor sent the voters a Confirmation Notice and waited for two federal election cycles of voter inactivity to pass before purging them.

121275258.v1

34.    The DeKalb BORE removed similarly situated voters for substantively analogous reasons at meetings held on September 12, October 10, and November 15, 2019.

35.    The minutes sometimes identify the individuals who challenged specific voters' eligibility.   On other occasions, the minutes do not identify the challenger.   For example, the minutes from the November 15, 2019 meeting state only that "[t]he Board was provided information that [a voter] did not reside at the registered address," and that the individual was mailed a letter that was returned as undeliverable.

36.    One of the challenged voters appeared at the September 12, 2019 meeting and informed the DeKalb BORE that she still lived in DeKalb County.   That voter, whose name was not identified in the minutes, was not removed from the voter rolls.

37.    The minutes from the September 12, October 10, and November 15, 2019 meetings confirm that the DeKalb BORE is continuing to purge voters from the registration rolls based on allegations from third parties that those voters no longer live at their address of registration, without first sending them a Confirmation Notice and providing them an opportunity to contact the DeKalb BORE or vote

13

during the subsequent two federal election cycles.  True and correct copies of these meeting minutes are attached hereto as Exhibits 2, 3, and 4.

38.     The DeKalb BORE immediately purged at least 51 of the challenged voters from the county's voter registration list.  The DeKalb BORE purged the vast majority of these voters during BORE meetings held between August and November 2019.

39.     At least seven of the purged voters used 444 Sycamore Drive in Decatur, Georgia, as their voter registration address.

40.     The minutes from the 2019 BORE meetings indicate that the challengers frequently failed to provide the DeKalb BORE with evidence corroborating the bare assertion from a third party that the voters in question did not live at the addresses where they were registered.

41.     The DeKalb BORE considered approximately 100 challenges based on alleged change of residence brought by elector Lawrence Hoskins, which were not based on written confirmation from the voters that they had moved outside of the jurisdiction.  Mr. Hoskins allegedly used data from the U.S. Postal Service's National Change of Address ("NCOA") system and home-purchase data to identify persons who allegedly moved.  Mr. Hoskins claims to have identified the individuals

he wanted to challenge while conducting door-to-door canvassing and claims to have obtained NCOA data from a company in New York.

42.    The minutes indicate that challenged voters were removed primarily based on a bare allegation of non-residence, buttressed in some cases by the DeKalb BORE having mailed them a letter that was allegedly returned as undeliverable— but without subsequently sending those voters a Confirmation Notice and waiting for two federal election cycles of voter inactivity to pass before removing the voter, as required by the NVRA.

43.    The DeKalb BORE mailed other voters a letter to which "no return correspondence was received," which led the DeKalb BORE to purge them if they did not appear at the time and location specified in the BORE's challenge letter— without first sending them the statutorily required Confirmation Notice or waiting for two federal election cycles of voter inactivity to pass.

44.    The DeKalb BORE sent a letter to at least one of the challenged voters saying that "[t]his office has received information from the city of Decatur regarding your eligibility and residency at the above address for the purpose of voting." The letter says, "[y]ou are requested to appear before the Board," and, "[p]lease be prepared to provide evidence to show that you are eligible and do reside at the above address." The letter concludes that the "[f]ailure to appear at the time specified in

15

any notice given under this article may constitute cause for removing an elector's name from the voters list."  A true and correct copy of one of these letters is attached hereto as Exhibit 5.  Other letters sent by the DeKalb BORE do not indicate that any elector challenged the voter's eligibility; instead, they merely say that "[s]ince there is question [sic] of your eligibility in DeKalb County, there will be a challenge to your right to remain a registered voter in this county."

45.    None of the letters from the DeKalb BORE suggest that challenged voters may prove their residency by any means other than appearing at the pre-determined date and time designated by the DeKalb BORE, which was during work hours.  The letters also do not identify the information presented to the DeKalb BORE purportedly showing that the individual in question is not eligible to vote in DeKalb County or the identity of the elector challenging their eligibility to vote.

46.    The DeKalb BORE did not mail Confirmation Notices to any of the challenged voters at any point before their registrations were cancelled.

47.    The DeKalb BORE sent brief form letters to purged voters stating only "[per] the [date] Hearing DeKalb County Board of Registration and Election Meeting you have been removed from DeKalb County's List of Registered Voter [sic].  Enclosed is a voter registration application that can be completed and mailed to our office.  If you have any questions, please do not hesitate to contact the Voter

16

Registration Department at 404-298-4020."  The letters did not inform recipients of the DeKalb BORE's basis for removing them from the rolls or explain what they could do to challenge the BORE's decision.

48.    The DeKalb BORE sent letters to at least 29 voters dated November 13, 2019, informing them that they had been purged from the voter rolls based on a decision that was made at the November 15, 2019 BORE meeting.  A true and correct copy of one of these letters is attached hereto as Exhibit 6.

**B.    Non-Uniform and Discriminatory Purging of Voters**

49.    Defendants are purging electors in a non-uniform and discriminatory manner, in violation of Section 8(b) of the NVRA, in at least two ways.

50.    First, Defendants are targeting for removal from the registration lists voters in municipalities—in particular, the City of Decatur—without similarly targeting voters who live in unincorporated or more suburban areas.

51.    For example, on May 2, 2019, the DeKalb BORE sent an email to the City of Decatur asking for the City to review a "list of registered voters for the City of Decatur" for the purpose of suggesting "any voters that [the City] would like to challenge."  A true and correct copy of the May 2, 2019 email is attached hereto as Exhibit 7.

52.     The August 2019 DeKalb BORE minutes reveal that the BORE purged several voters who were registered to vote at 444 Sycamore Drive, Decatur, Georgia 30030, where the Peer Support, Wellness, and Respite Center ("Center") is located. The Center provides transitional housing for individuals in need, including those with mental disabilities, those who are struggling with homelessness, and those who want assistance with treatment or other serious issues such as avoiding hospitalization.

53.     The DeKalb BORE's August 2019 Board minutes state, inaccurately, that the "City of Decatur challenged" the 444 Sycamore Drive voters.  The City of Decatur played no role in the challenges.  In fact, Mary Frances Weeks, an employee of the DeKalb BORE who had an alleged ownership interest in the property, initiated the 444 Sycamore Drive challenge.  A true and accurate copy of a letter from Ms. Weeks is attached hereto as Exhibit 8.

54.     On August 20, 2019, Decatur City Manager Andrea Arnold wrote a response letter to the DeKalb BORE reminding the BORE that "[t]he City of Decatur did not request a challenge to the voter list . . .  rather . . . [t]he County initiated the challenge of the voters at [444 Sycamore Drive]" ("Arnold Letter").  A true and correct copy of the Arnold Letter is attached hereto as Exhibit 9.

121275258.v1

55.     Purging voters at the behest of a DeKalb BORE member or employee who has a personal interest in the property at issue is precisely the kind of non-uniform, discriminatory list maintenance activity prohibited by Section 8(b)(1).

56.     The solicitation of challenges from a municipality's officials but not from officials from other areas constitutes a textbook example of non-uniform purging policies.  Moreover, Defendants' policies cannot further any legitimate state interest because state law permits only individual electors, not municipalities, to file challenges to voter eligibility.  *See* O.C.G.A. §§ 21-2-229(a) (stating that electors may initiate challenges), 21-2-2(7) (defining "elector").

57.     Second, Defendants are discriminating against voters residing in transitional housing or non-traditional residences (such as individuals living on the street) based on the erroneous assumption that voters in transitional housing or other non-traditional residences cannot be real "residents" for voting purposes.  Nothing in federal or state law requires citizens to live in permanent housing or within a traditional residential structure in order to exercise their constitutional right to vote.

58.     Many residents of DeKalb County consider the Peer Support, Wellness, and Respite Center their "home base."  Residents receive mail, conduct meetings, receive and apply for various services including counseling or medical services, interact with other residents and engage in myriad activities, stay overnight, and

19

return frequently to the Center during the day.  Many residents stay overnight at the Center intermittently over the course of months, if not longer.

59.    Upon information and belief, Defendants are categorically classifying electors registered at 444 Sycamore Drive as ineligible to vote at that address because of its status as a transitional or non-traditional residence.

60.    By categorically purging residents of 444 Sycamore Drive on this basis, Defendants are unlawfully punishing and discriminating against eligible voters for being homeless or residing in transitional housing.

## PLAINTIFFS PROVIDED THE NECESSARY NOTICE TO DEKALB COUNTY ELECTION OFFICIALS

61.    On October 28, 2019, counsel representing the Georgia NAACP and Georgia Coalition for the People's Agenda sent a notice letter to the DeKalb BORE and its members; Erica Hamilton, the Voter Registration and Elections Director for the BRE; and Bennett D. Bryan, Senior Assistant County Attorney ("Notice Letter"). The Notice Letter outlined the NVRA violations described in this Complaint and explained the illegality of those actions.  A true and correct copy of the Notice Letter is attached hereto as Exhibit 10.

62.    On January 24, 2020, the Litigation Strategy Division Chief of the DeKalb County Law Department, Aaron J. Ross, acknowledged receipt of the Notice Letter ("Receipt Letter") and stated, "[W]e disagree with both your general premise

20

that Georgia's challenge procedures violate the National Voter Registration Act and your specific contentions that the County Board of Registration and Elections removed the identified individuals from the list of eligible voters in violation of applicable law or otherwise discriminated against them."  A true and correct copy of the Receipt Letter is attached hereto as Exhibit 11.

<u>**COUNT I**</u>
**Violation of Section 8 of the NVRA, 52 U.S.C. § 20507(d)**

63.    Plaintiffs reallege the allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

64.    The NVRA prohibits removal based on a change of residence unless the registered voter either: (1) confirms the change of residence in writing; or (2) fails to respond to a Confirmation Notice, the contents and manner of mailing of which are prescribed by the NVRA, and also fails to vote during the next two general federal election cycles after receiving the notice.  52 U.S.C. § 20507(d).

65.    Defendants are engaged in an ongoing practice of immediately purging voters from the rolls on the ground of changed residence (i) without receiving written confirmation from the voter confirming the change in residence; (ii) without providing proper notice to voters regarding Defendants' intention to remove them from the rolls; and (iii) without waiting for two federal election cycles of voter inactivity to pass before removing them from the rolls.

21

66.     The failure of Defendants to comply with Section 8 of the NVRA has injured and will continue to injure Plaintiffs because of the additional resources they must devote to voter registration and properly educating DeKalb County residents who have been purged or identified as at risk of being purged.   Enjoining Defendants' ongoing violations will enable Plaintiffs to allocate their resources to their other important activities and will ensure that their members are not denied the right to vote pursuant to unlawful purging of the registration rolls.

67.     Unless enjoined by order of this Court, Defendants will continue to act in violation of the NVRA.

## COUNT II
### Violation of Section 8 of the NVRA, 52 U.S.C. § 20507(d)(2)

68.     Plaintiffs reallege the allegations set forth in  paragraphs 1 through 61 above as though fully set forth herein.

69.     The NVRA prohibits the removal of voters from the registration list on the basis of changed residence unless the election administrators receive written confirmation directly from the voter or, alternatively, send the voter a Confirmation Notice to which the voter does not respond while also failing to vote during the next two federal election cycles.  52 U.S.C. § 20507(d)(1)(B)(i).

70.     The NVRA defines the contents of the Confirmation Notice with specificity.  A Confirmation Notice is a postage prepaid and pre-addressed return

card sent by mail that can be forwarded and on which registrants may state their current address, and which contains specific language identified by the NVRA. 52 U.S.C. § 20507(d)(2).

71.    The DeKalb BORE's letters to challenged voters are not Confirmation Notices.  The letters (i) are not postage prepaid and pre-addressed return cards; (ii) do not contain a place on which the registrant may state his or her current address; (iii) do not disclose that voters may provide proof of residency other than by appearing before the BORE; (iv) do not contain information about how to re-register if a voter has moved outside of the county or state (despite the statute's clear requirements that this information be included); and (v) contain other deficiencies that contravene the NVRA.

72.     Because the letters the DeKalb BORE has sent and continues to send to registrants challenged on the basis of changed residence do not satisfy the requirements for Confirmation Notices, Defendants have violated and continue to violate Section 8 of the NVRA.  52 U.S.C. § 20507(d)(2).

73.    The failure of Defendants to comply with Section 8 of the NVRA has injured and will continue to injure Plaintiffs because of the additional resources they must devote to voter registration and properly educating Georgians who have been purged or identified as at risk of being purged.  Enjoining Defendants' ongoing

23

violations will enable Plaintiffs to allocate their scarce resources to their other important activities and will ensure that their members are not denied the right to vote pursuant to unlawful purging of the registration rolls.

74.     Unless enjoined by order of this Court, Defendants will continue to act in violation of the NVRA.

**COUNT III**
**Violation of Section 8 of the NVRA, 52 U.S.C. § 20507(b)**

75.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 61 above as though fully set forth herein.

76.     Section 8(b) of the NVRA provides that "[a]ny State program or activity to protect the integrity of the electoral process . . . shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965." *Id.* § 20507(b)(1).

77.     Defendants have violated and continue to violate Section 8(b) of the NVRA by soliciting challenges to voters from municipalities while not seeking similar challenges or undertaking any similar examination of the eligibility of voters registered at addresses located in unincorporated portions of DeKalb County.

78.     Unless enjoined by order of this Court, Defendants will continue to act in violation of the NVRA.

121275258.v1

**COUNT IV**
**Violation of the Fundamental Right to Vote**
**42 U.S.C. § 1983, First and Fourteenth Amendments to the U.S. Constitution**

79.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 61 above as though fully set forth herein.

80.     Defendants, acting under color of state law, are administering voter purge procedures in DeKalb County that are arbitrary and discriminatory and immediately render voters ineligible to cast ballots in elections.  Unless enjoined, these actions will result in the unlawful disenfranchisement of eligible voters in the 2020 election cycle and beyond.

81.     Due to Defendants' purge procedures, eligible voters are not afforded the protections of the confirmation notice and waiting period that are required under federal law and must instead either attend a challenge hearing to prove their eligibility to vote or re-register again through a separate, unnecessary process.

82.     Defendants have conducted voter purges in an arbitrary and discriminatory manner that lacks adequate safeguards and standards.  One example includes the DeKalb BORE's targeting of residents of the City of Decatur and misrepresenting the role of Decatur city officials in the purging process.

83.     Defendants' purge procedures deny and severely burden DeKalb County citizens' fundamental right to vote in violation of the First and Fourteenth Amendments to the U.S. Constitution.

84.     The burdens imposed are severe and discriminatory, thus requiring heightened scrutiny.  Even so, DeKalb County's voter purge procedures could not pass muster even under the less restrictive *Anderson-Burdick* balancing test for less burdensome voting regulations.  *Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (holding that courts "must weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule,' taking into consideration 'the extent to which those interests make it necessary to burden the plaintiffs rights'" (quoting *Celebrezze*, 460 U.S. at 789)).

85.     There is no sufficient state interest justifying the DeKalb BORE's voter purge procedures that is not already adequately protected by Georgia's existing list maintenance procedures.  Georgia law already mandates that election officials initiate the removal process for voters who have allegedly moved for three reasons: if a person has not voted in several years; if a person files change-of-address forms; or if mail sent to them by election officials was returned as undeliverable.  In all

three instances, voters flagged in this process must be sent a Confirmation Notice and given two federal election cycles to contact the DeKalb BORE or vote in an election before being removed from the rolls.

<u>**COUNT V**</u>
**Violation of the First and Fourteenth Amendments to the U.S. Constitution**

86.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 61 above as though fully set forth herein.

87.     Defendants burden the fundamental right to vote of Peer Support, Wellness, and Respite Center residents and similarly situated individuals by purging voters registered at the Center's 444 Sycamore Drive address even though the Center is their "home base"—where they receive mail, conduct meetings, receive various services, stay overnight, and return frequently during the day. For many, a transitional or non-traditional residence like the Peer Support, Wellness, and Respite Center is the most permanent housing that they have.  Such voters may lawfully claim the Center or similar locations as their domicile for voting purposes under Georgia law. Targeting these voters for removal burdens the right to vote of individuals who struggle with homelessness or rely on transitional housing.

88.     Specifically, Defendants solicit challenges to a voter based on that voter's place of domicile being located at the Peer Support, Wellness, and Respite Center, a transitional or non-traditional residence.

121275258.v1

89.    The purges impose severe burdens on Peer Support, Wellness, and Respite Center residents and other similarly situated voters.  Many respite center users struggle with homelessness, are transient, or have unstable living situations. Such voters often cannot easily overcome the bureaucratic requirements that Defendants place on them if they wish to maintain their registration—requirements that are not imposed on wealthier individuals.  Respite center users are more likely to lack documentation necessary to complete the registration process and to vote.

90.    There is no legitimate state interest in purging voters based on the erroneous assumption that no voter registering at a transitional or non-traditional residence can ever be a real "resident" of that place for voting purposes.

91.    By targeting voters domiciled at transitional or non-traditional residences, Defendants burden the rights of Peer Support, Wellness, and Respite Center residents in violation of the First and Fourteenth Amendments to the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.    Declare that Defendants' practice of removing voters without written confirmation of change in address and without providing Confirmation Notices and waiting two federal election cycles violates Section 8(d) of the NVRA;

121275258.v1

b.      Declare that Defendants' practices of soliciting challenges to voter eligibility based on an alleged change in address from municipalities and not unincorporated parts of DeKalb County are non-uniform and discriminatory in violation of Section 8(b) of the NVRA;

c.      Declare that Defendants' practice of removing voters on the alleged basis that they have moved while sending deficient letters that are not NVRA-compliant Confirmation Notices violates Section 8(d) of the NVRA.

d.      Declare that Defendants' voter purges burden the fundamental right to vote in violation of the First and Fourteenth Amendments of the U.S. Constitution;

e.      Declare that the targeting and purging of voters on the basis that they listed the Peer Support, Wellness, and Respite Center or other transitional or non-traditional residences as their domiciles on their voter registration forms violates the First and Fourteenth Amendments to the U.S. Constitution;

f.      Grant Plaintiffs preliminary or permanent injunctive relief:

i.      prohibiting the purging of voters from the rolls without complying with the NVRA, specifically, before (1) receiving written confirmation of change in address or (2) providing proper notice and waiting two federal election cycles;

29

ii.      prohibiting the solicitation of challenges to voter eligibility

from the City of Decatur and other municipalities;

iii.     prohibiting the targeting and purging of voters on the basis that

they are domiciled at the Peer Support, Wellness, and Respite Center

or other transitional or non-traditional residences;

iv.      ordering Defendants to promulgate uniform and NVRA-

compliant procedures for removing voters from the rolls premised on

an alleged change of address;

v.       ordering Defendants to maintain, preserve, and not destroy until

after December 31, 2022, any and all records relating to Defendants'

list-maintenance programs that have resulted in challenges to voter

eligibility based upon a change of address;

vi.      ordering Defendants to restore to the DeKalb County

registration list all voters removed from the voter registration list in

violation of the NVRA and the U.S. Constitution;

vii.     ordering Defendants to count all provisional ballots cast by

voters removed from the DeKalb County voter registration list in

violation of the NVRA and the U.S. Constitution and, where

appropriate, to inform voters if any provisional ballots they cast in

previous elections were improperly rejected; and

viii.    ordering Defendants to adopt revised procedures for processing

and adjudicating challenges to voters' eligibility on the basis that they

allegedly moved or do not reside in DeKalb County that comply with

the NVRA and the U.S. Constitution.

g.      Awarding Plaintiffs their reasonable attorneys' fees, litigation

expenses, and costs incurred in connection with this action, pursuant to 52 U.S.C.

§ 20510(c) and 42 U.S.C. § 1988;

h.      Retaining jurisdiction over this action to ensure that Defendants

comply with any order(s) issued by this Court;

i.      Granting such additional relief as the Court deems just and proper.

Respectfully submitted this 26th day of February, 2020.

> **Gail Podolsky**
> Georgia Bar No. 142021
> Attorney for Plaintiffs
> Carlton Fields, P.A.
> 1201 West Peachtree Street, Suite 3000
> Atlanta, Georgia 30309-3455
> Telephone: (404) 815-3400
> Email: gpodolsky@carltonfields.com

121275258.v1

**D. Barret Broussard**
Georgia Bar No. 218806
Attorney for Plaintiffs
Carlton Fields, P.A.
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455
Telephone: (404) 815-3400
Email:  bbroussard@carltonfields.com

**Sean J. Young**
Georgia Bar No. 790399
Attorney for Plaintiffs
ACLU of Georgia
1100 Spring Street, N.W.
Atlanta, Georgia  30309
Telephone: (770) 303-8111
Email:  syoung@acluga.org

**Ezra Rosenberg**
Attorney for Plaintiffs
*Pro hac vice* application forthcoming
The Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8300
Email: erosenberg@lawyerscommittee.org

**Bradley Phillips**
Attorney for Plaintiffs
*Pro hac vice* application forthcoming
The Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8300
Email:  bphillips@lawyerscommitte.org

32

**Julie Houk**
Attorney for Plaintiffs
*Pro hac vice* application forthcoming
The Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8391
Email:  jhouk@lawyerscommittee.org

**John Powers**
Attorney for Plaintiffs
*Pro hac vice* application forthcoming
The Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8389
Email:  jpowers@lawyerscommittee.org

**Sophia Lin Lakin**
Attorney for Plaintiffs
*Pro hac vice* application forthcoming
125 Broad Street, 18th Floor
New York, New York  10004
Telephone:  (212) 519-7836
Email:  slakin@aclu.org

**Dale E. Ho**
Attorney for Plaintiffs
*Pro hac vice* application forthcoming
125 Broad Street, 18th Floor
New York, New York  10004
Telephone:  (212) 519-7836
Email:  dho@aclu.org

# EXHIBIT 1

**MINUTES OF THE MEETING OF THE BOARD**
**OF REGISTRATION AND ELECTIONS**
**DEKALB COUNTY**
**August 1, 2019**

The DeKalb Board of Registration and Elections convened to conduct its monthly meeting on August 1st, in the Absentee Area at 4380 Memorial Drive with Board Chair Samuel Tillman presiding.

Present:                    Anthony Lewis, Board Member
                            Susan Motter, Board Member
                            Dele Lowman Smith, Board Member
                            Baoky Vu, Board Member
                            Bennett Bryan, Attorney
                            Erica Hamilton, Director
                            Tiffani Gilbert, Elections Supervisor
                            Twyla Hart, Registration Supervisor
                            Sharon Hillman, Administrative Coordinator (Trainee)
                            Mary Frances Weeks, Administrative Coordinator

Mr. Tillman called the meeting to order at approximately 4:30 PM and asked for an Executive Session to be added to the agenda as 5B to discuss a legal matter. A motion was made by Ms. Smith to approve the agenda. Mr. Vu seconded the motion. Mr. Tillman stated the motion was made and seconded. The question was called and the motion was approved.

Minutes
Ms. Smith recommended that the "Comments from the Public" from the July 11th meeting be reworded. A motion was made by Mr. Lewis to approve the minutes. Ms. Smith seconded the motion. The question was called and the motion was approved.

Comments from the Public
Five citizens signed in and spoke. Four citizens expressed their concerns with poll watcher selection, absentee ballots, and election fairness. One citizen expressed his appreciation of the Director and the office.

Challenges -- Director Erica Hamilton presented the following challenges with staff recommendation for removal.
   A) Anthony Lombardo -- The Board was provided with a request from Joseph Firpo, who resides as the registered address, stating Mr. Lombardo only lived at the residence for 6 months and has not lived at the address since 2015. A letter addressed to Mr. Lombardo was returned undeliverable. A motion was made by Mr. Vu to remove Anthony Lombardo from the DeKalb County voter roll. Mr. Lewis seconded the motion. The question was called and the motion was approved.
   B) Tiffany Harris; Eric Warren Robbins, Leon Harris -- Precinct cards were mailed back to the Board from the individual who currently lives as the registered address with a note stating Ms. Harris, Mr. Robbins, and Mr. Harris no longer lived at the address. A letter addressed to each individual was returned undeliverable. A motion was made by Ms. Smith to remove Tiffany Harris, Eric Warren Robbins, and Leon Harris from the DeKalb County voter roll. Mr. Lewis seconded the motion. The question was called and the motion was approved.

Page 2
August 1, 2019

    C) <u>City of Decatur</u> -- Per Election Law, a list of registered voters was sent to the city. The City of Decatur questioned the address of 444 Sycamore Drive, Decatur, GA 30030. The address was found to be a business where clients can only stay for three days, and citizens cannot register at a business. A motion was made by Mr. Lewis to remove those registered at 444 Sycamore Drive from the DeKalb County voter roll. Ms. Smith seconded the motion. The question was called and the motion was approved. Ms. Smith questioned how an individual was registered at a business address. Ms. Hamilton stated that her understanding was that at one point, it was a residence.

<u>Presentation</u>
Mr. Tillman requested to add to the agenda a special presentation. M. Vu presented Mrs. Weeks with a gift recognizing her 20 years of service to the Board and DeKalb County.

<u>Unfinished Business</u>
    A) <u>Audit Update</u> -- Ms. Hamilton reported that some members of the board met with audit officials on July 31st. The Board is waiting on official word and notifications from the auditors on how the audit will proceed.

<u>New Business</u>
    A) <u>Precinct Change</u> -- Emory Road – Ms. Hamilton reported that the current Emory Road Precinct is no longer able to accommodate the election. According to Georgia code, a meeting is required after posting a notice in a legal organ two weeks prior, which has been completed. The Board has notified the State Election Board, as it is required since the proposed relocation is outside the precinct. The proposed temporary move is to Druid Hills High School, an existing precinct. A motion was made by Ms. Smith to approve the precinct change. Mr. Vu seconded the motion. Mr. Tillman stated the motion was made and seconded. The question was called and precinct change was approved.
    B) <u>Executive Session</u> -- Mr. Tillman asked for a motion for the Board to go into Executive Session. A motion was made by Mr. Lewis, and Ms. Smith seconded the motion. The question was called and the motion was approved. The Board excused themselves to another area to meet with counsel, after which, a motion was made by Mr. Vu, and seconded by Mr. Lewis to return to regular session. The question was called and the motion was approved. A motion was made by Ms. Smith to enter into a consent order for State Election Board case 2015-100. Mr. Lewis seconded the motion. The question was called and the motion was approved. "No decisions were made, and no votes were taken while we were in Executive Session." A signed affidavit confirming this will be placed with the minutes.

<u>Comments from the Board</u> – Ms. Smith stated that is was a pleasure working with Mrs. Weeks and wish her joy and peace in her retirement. Ms. Smith thanks Mrs. Weeks for an easy onboarding process. Speaking for the staff, Ms. Hamilton wish Mrs. Weeks the very best in her retirement.

There being no further business, the meeting was adjourned.

 

Sharon Hillman, Administrative Coordinator.
Registration and Elections

**MINUTES OF THE EXECUTIVE SESSION OF THE BOARD**
**OF REGISTRATION AND ELECTIONS**
**DEKALB COUNTY**
**August 1, 2019**

**CONFIDENTIAL**

Chair Samuel Tillman announced that the Board would adjourn into Executive Session to discuss a legal matter.

An "Open Meeting Affidavit" document was signed and notarized and will be included with the minutes.

There being no further business, the Executive Session was adjourned and the Board returned to open session.

_____

Sharon Hillman
Administrative Coordinator

# EXHIBIT 2

**MINUTES OF THE MEETING OF THE BOARD**
**OF REGISTRATION AND ELECTIONS**
**DEKALB COUNTY**
**September 12, 2019**

The DeKalb Board of Registration and Elections convened to conduct its monthly meeting on September 12th, in the Absentee Area at 4380 Memorial Drive with Board Chair Samuel Tillman presiding.

Present:          Anthony Lewis, Board Member
                    Susan Motter, Board Member
                    Dele Lowman Smith, Board Member
                    Baoky Vu, Board Member
                    Erica Hamilton, Director
                    Tiffani Gilbert, Elections Supervisor
                    Twyla Hart, Registration Supervisor
                    Sharon Hillman, Administrative Coordinator

Mr. Tillman called the meeting to order at approximately 4:38 PM and asked for approval of the agenda.  There were no changes or additions and the agenda was adopted.

Minutes
Ms. Smith brought to attention that the minutes did not reflect the correct reason for the Executive Session. A motion was made by Mr. Lewis to approve the minutes with the correction made. Mr. Vu seconded the motion. The question was called and the motion was approved unanimously.

Comments from the Public
Nine citizens signed in and spoke. Citizens spoke of their concerns on the transparency of the Board, the new election machines, and the need for different accommodations for the meetings. One citizen expressed his appreciation of Director Hamilton.

Challenges -- Director Erica Hamilton provided the Georgia Code section for challenging voters and presented the following challenges.
    A) <u>Julia Whitney Harrell and William Doyle Harrell III</u> – Information was received from an elector that Ms. Harrell and Mr. Harrell did not live at their registered address. Ms. Motter brought additional information showing that the individuals did not resides at the address in question. Staff recommended that the voters be placed into cancelled status. Mr. Vu made a motion to follow the staff recommendation and change the status to cancelled. Mr. Lewis seconded the motion. The question was called and the motion was unanimously passed.
    B) <u>Tray C. Cost</u> – Ms. Hamilton stated that Mr. Cost registered several years prior to 2019. He was placed in pending status because he did not verify. However, with the passage and changes outline in House Bill 316, this individual was placed back into active status. Ms. Hamilton stated that there were two options: change the individuals status or place the individual in cancelled status. Mr. Vu motioned for the voter's status to be updated to cancelled. Mr. Vu's motion died from lack of second. Ms. Motter motioned for Mr. Cost to be moved to inactive status. Ms. Smith asked Ms. Hamilton about the process of being an inactive voter. Ms. Hamilton explained the process and implications of changing the status to inactive. The question was called, and the motion was not passed. Mr. Vu made a motion to place the voter in cancelled status. Mr. Lewis second the motion. The question was called and the motion was passed by a majority of three with Mr. Tillman's yea vote. Ms. Smith and Ms. Motter voted nay.

Page 2
September 12, 2019

C) Challenge List Provided by Lawrence Hoskins – Ms. Hamilton reported that during canvassing, an elector found the voters on the list did not reside at their registered address.  Ms. Hamilton discussed the possible options with the Board. An individual on the list was present for the meeting. She stated that she no longer resides as the address but still in DeKalb County. Ms. Motter proposed that the list be broken into categories. After discussion, Mr. Tillman made an executive decision to have the list altered and to revisit the list during the October meeting.

D) Jacinda "Cindy" Thomas – A challenge against Ms. Thomas's eligibility to hold the Office of Mayor of Lithonia was made in regards to the residency requirements. Mr. Tillman swore in all those who were present for Ms. Thomas's challenge who planned to present information. Ms. Thomas and her attorney provided information regarding her residency in Lithonia. Several individuals spoke about the residency of Ms. Thomas. Ms. Smith motioned for Ms. Thomas to be retained as a candidate. Mr. Vu second the motion. The question was called and the motion was unanimously approved.

Unfinished Business

Ms. Hamilton stated that there was no unfinished business from the staff. Ms. Smith motioned that the board revisit the issue regarding the voters registered at 444 Sycamore Drive. Mr. Vu seconded the motion. The question was called and the motion was approved unanimously. Ms. Smith motioned to reconsider the action taken by the Board during the August meeting regarding the voters at 444 Sycamore Drive. Mr. Vu seconded the motion. The question as called and the motion as unanimously passed. Ms. Hamilton gave an update on the voters and explained why the original challenge had been brought to the board. There was discussion and no further action was taken by the Board.

New Business

A) Absentee In Person Application Approval - Ms. Hamilton stated that after considering citizens' concerns over the Advance In Person Voting Application, the office created its own application that is compliant with the law. The application has been reviewed by legal council. A motion was called by Mr. Lewis to adopt the application. Mr. Vu seconded the motion. The question was called, and the motion was approved unanimously.

B) Advance Voting Locations and Times – Ms. Hamilton presented the staff recommendation for Advance Voting Locations and Times. Any additional satellite location is the responsibility of the cities. All locations are open to any voter during the recommended dates and times. She also made public that on October 17, all DeKalb County Libraries would be closed but open for voting. Mr. Tillman stated that there is a county wide initiative on the ballot this year. Mr. Vu motioned for the Advance Voting Locations and Times to be adopted. Mr. Lewis seconded the motion. The question was called, and the motion was approved unanimously.

C) National Voter Registration Day – Ms. Hamilton stated that in honor of National Voter Registration Day, the office would be holding a county-wide training on September 24, 2019 at the Lou Walker Center. A letter was sent to Civic Leaders, County Commissioners, Pastors, and schools. The training will provide important information on the 2019/2020 Election Cycles, registering voters, and becoming a poll worker. Mr. Tillman also stated that when the county receives the new voting machine, staff will be holding trainings throughout the county and advised all to contact the staff if any group is interested in holding a training on the new machines.

<u>Comments from the Board</u> – Ms. Motter thanked the public for turning out for the Board meeting. Mr. Tillman thanked everyone for coming out and mentioned that there will be discussion on a different location.

There being no further business, the meeting was adjourned.

_____
Sharon Hillman, Administrative Coordinator.
Registration and Elections

# EXHIBIT 3

**MINUTES OF THE MEETING OF THE BOARD**
**OF REGISTRATION AND ELECTIONS**
**DEKALB COUNTY**
**October 10, 2019**

The DeKalb Board of Registration and Elections convened to conduct its monthly meeting on October 10th, in the Absentee Area at 4380 Memorial Drive with Board Chair Samuel Tillman presiding.

Present:          Anthony Lewis, Board Member
                  Susan Motter, Board Member
                  Dele Lowman Smith, Board Member
                  Baoky Vu, Board Member
                  Erica Hamilton, Director
                  Tiffani Gilbert, Elections Supervisor
                  Twyla Hart, Registration Supervisor
                  Sharon Hillman, Administrative Coordinator

Mr. Tillman called the meeting to order at approximately 4:33 PM and asked for approval of the agenda.  There were no changes or additions and the agenda was adopted.

Minutes
A motion was made by Mr. Vu to approve the minutes. Ms. Smith seconded the motion. The question was called and the motion was approved unanimously.

Comments from the Public
Six citizens signed in and addressed the Board. Citizens voiced their concerns on placing voters in cancelled status and of their concerns on keeping voter rolls up-to-date. One citizen provided information regarding an agenda item.

Challenges -- Director Erica Hamilton provided the Georgia Code section for challenging voters and presented the following challenges.

    A) John Coleman –The Board was provided information from Jamie Schickler and Winston Persaud that John Coleman did not reside at the registered address. A letter was mailed to Mr. Coleman asking to verify his address. With no return correspondence, the staff recommended to place the voter into cancelled status.  Mr. Vu made a motion to follow the staff recommendation and change the status to cancelled. Mr. Lewis seconded the motion. The question was called and the motion was passed with a 3-2 vote. Ms. Smith and Ms. Motter voted nay.

    B) Simba McWonder – The Board was provided information from Thomas Bowen who resides at the registered address that Simba McWonder does not reside at the address. A letter was mailed to Simba McWonder. No return correspondence was received. The staff recommended to place the voter into cancelled status. Mr. Lewis made a motion to follow the staff recommendation and change the status to cancelled. Mr. Vu seconded the motion. The question was called and the motion was passed with a 3-2 vote. Ms. Smith and Ms. Motter voted nay.

    C) Jesse Posey – The Board was provided information from Sheryl Shanholtzer who resides at the registered address that Jesse Posey does not reside at the address. A letter was mailed to Jesse Posey, and no correspondence was returned to the office. The staff recommendation was to place the voter in cancelled status. Mr. Vu made a motion to change Jesse Posey's registration status to cancelled. Mr. Lewis seconded the motion. There was a discussion regarding the site where Mr. Posey registered. Mr. Vu motioned

to table any vote or discussion while Registration Supervisor Twyla Hart gathered additional information. Ms. Smith seconded the motion. The question was called and the motion was approved unanimously.

After discussion of unfinished business and with new supporting evidence, Ms. Smith motioned to remove Jesse Posey from the table. The motion was second by Mr. Vu. Ms. Hamilton brought additional information on Mr. Posey's registration history. Mr. Vu made a motion to place Mr. Posey into cancelled status. Mr. Lewis second the motion. The question was called and the motion was unanimously passed.

D) <u>Michael White</u> – The Board was provided information from Michael White who resides at the registered address that the particular Michael White in question does not reside at the registered address. A letter was mailed to Mr. White. No return correspondence was received. The staff recommended to place the voter into cancelled status. Ms. Smith questioned status regarding the voter registration process. Mr. Vu made a motion to follow the staff recommendation and change the status to cancelled. Mr. Lewis seconded the motion. The question was called and the motion was passed with a 3-2 vote. Ms. Smith and Ms. Motter voted nay

E) <u>DeShawn Tracy Willborn</u> – The Board was provided information from the resident of the registered address that Mr. Willborn did not reside at the address but that he actually resides across the hall. A letter was mailed to Mr. Willborn, and the office did not receive correspondence back. There was a discussion on contacting Mr. Willborn by different means. Mr. Vu motioned to table to the vote until further research was completed. Mr. Lewis seconded the motion. The question was called and the motion was passed unanimously.

<u>Unfinished Business</u>

A) <u>Challenge List Provided By Lawrence H. Hoskins</u> – Members of the Board discussed the new format requested at the September meeting for the challenges brought by Mr. Lawrence Hoskins. Chairman Tillman stated that because the Registration Deadline for the November 5, 2019 deadline had passed, he was hesitant to place any voters from this group into the cancelled status. Ms. Smith motioned to table the discussion until the November Board Meeting. The motion was seconded by Ms. Motter. The question was called and the motion was passed unanimously.

<u>New Business</u>

A) <u>November Board Meeting Date</u> - Ms. Hamilton stated that due to HB 316, the certification deadline has been extended, and she recommended the November Board Meeting be moved to November 15th. Mr. Vu made a motion to change the date to November 15th. Ms. Smith seconded the motion. The question was called and the motion passed unanimously.

B) <u>Approve the November 5, 2019 General Municipal/Special Election Poll Officials</u> – The Board was provided a list of Election Officials with demographical information, in accordance to O.C.G.A § 21-2-90. Ms. Hamilton stated the training would complete next week. A motion was made to approve the list of Poll Officials and was seconded. The question was called and the motion was unanimously passed.

C) <u>Emory Road Precinct Change</u> – Ms. Hamilton stated that the staff was not able to find an adequate permanent replacement for the Emory Road Precinct. It is the recommendation of the staff that the precinct be split between the Fernbank Elementary Precinct and the Druid Hills Precinct. Per Georgia Law, the precinct changes would be brought to the Board of Commissioners for a vote if the Board of Voter Registration and Elections approved them. Mr. Vu made a motion to approve that the changes recommended by the staff be brought to the Board of Commissioners. Ms. Smith second the motion. After discussion on engaging the community on the changes, the question was called and the motion was approved unanimously.

<u>Comments from the Board</u> – Mr. Lewis spoke on the importance of considering both sides of challenges when brought to the Board.

<u>Comments from the Staff</u> – Ms. Hamilton informed the Board that final preparations were being made for the start of Early and Election Day voting as well as that some staff training had begun on the new equipment.

There being no further business, the meeting was adjourned.


_____

Sharon Hillman, Administrative Coordinator.
Registration and Elections

# EXHIBIT 4

MINUTES OF THE MEETING OF THE BOARD
OF REGISTRATION AND ELECTIONS
DEKALB COUNTY
November 15, 2019

The DeKalb Board of Registration and Elections convened to conduct its monthly meeting on November 15th, in the Absentee Area at 4380 Memorial Drive with Board Chair Samuel Tillman presiding.

Present:            Anthony Lewis, Board Member
                    Susan Motter, Board Member
                    Dele Lowman Smith, Board Member
                    Baoky Vu, Board Member
                    Erica Hamilton, Director
                    Viviane Ernstes, County Attorney
                    Terry Phillips, Deputy County Attorney
                    Tiffani Gilbert, Elections Supervisor
                    Twyla Hart, Registration Supervisor
                    Sharon Hillman, Administrative Coordinator

Mr. Tillman called the meeting to order at approximately 4:30 PM and asked for approval of the agenda.  There were no changes or additions and the agenda was adopted.

Minutes
A motion was made by Mr. Lewis to approve the minutes. Mr. Vu seconded the motion. The question was called and the motion was approved unanimously.

Comments from the Public
Two citizens signed in and addressed the Board. One citizen expressed their concern on notifying voters of their polling location, voting via a provisional ballot, and requested a microphone for the meetings, and one citizen spoke on the new voting machines and casting a secret ballot.

Certifying General Municipal/Special Election
Mr. Vu motioned that the Board certify the November 5, 2019 General Municipal/Special Elections. Ms. Smith second the motion. The question was called and the motion was approved unanimously.

As the Board reviewed and signed documents, Mr. Tillman introduced Viviane Ernstes, County Attorney, and Terry Phillips, Deputy County Attorney. Ms. Ernstes expressed that DeKalb County is taking the 2020 Election very seriously and that the Law Department is here to respond to any issues.

Challenges – Ms. Hamilton presented the below challenges with staff recommendation of placing each voter in cancelled status.
    A) Kimberly Anderson, Andrew Maxin Guerrand, and Emeric Thomas Guerrand –The Board was provided information from Jennifer Muserallo that Ms. Kimberly Anderson, Mr. Andrew Guerrand, and Mr. Emeric Guerrand did not reside at their registered address. Letters were sent to all individuals. There was discussion on speaking with Ms. Muserallo to confirm her letter. Ms. Smith motioned to defer the challenge of Ms. Anderson, Mr. Andrew Guerrand, and Mr. Guerrand until the next meeting so that time could be provided for staff to contact Ms. Muserallo. Ms. Motter seconded the motion. The question was called and the motion passed unanimously.

B) <u>Diondre Daniel</u> – The Board was provided information that Mr. Diondre Daniel did not reside at the registered address. Mr. Daniel was mailed a letter and returned undeliverable. Mr. Lewis motioned to accept the staff recommendation and to change Mr. Daniel's status to cancelled. Mr. Vu seconded the motion. The question was called and the motion passed with a 4-1 vote. Ms. Motter voted nay.

C) <u>Shontell Johnson</u> – The Board was provided information from Ms. Larisa Hutton that Ms. Johnson did not reside at the registered address. A letter was mailed to Ms. Johnson. Ms. Hutton was in attendance at the meeting. There was a discussion regarding quality check of all voter registration applications. Ms. Smith requested that Ms. Johnson's original application be reviewed to ensure the information was entered correctly, which the information was found to have been correctly entered. Mr. Vu made a motion to change Ms. Johnson's status to cancelled. Ms. Smith seconded the motion. The question was called and the motion was passed unanimously.

<u>Unfinished Business</u>

A) <u>Challenge List Provided By Lawrence H. Hoskins</u> – Ms. Hamilton explained the format of the list of voter Mr. Hoskins is challenging. The staff's recommendation was to change the status of the 28 voters who were not part of the State's Inactive List Maintenance Process to cancelled (See attached for list of the 28 voters). Mr. Vu motioned to accept staff recommendation and change the status to cancelled for the 28 voters. Ms. Smith seconded the motion. The question was called and the motion passed unanimously.

<u>New Business</u>

A) <u>November Election Overview</u> – Ms. Hamilton thanked the staff for their hard work during the Election and their effort to make sure the election was performed in accordance with the law.

B) <u>Runoff Advance Voting Times and Locations</u> – Ms. Hamilton stated that there are two runoff elections – Doraville Mayor and Stonecrest City Councilmember Post 5 Special Election. It is staff recommendation to have advance voting sites at the main office and Stonecrest Library from 12:00 PM on Thursday, November 21 until 4:30 PM. These sites will continue to remain open weekdays from November 22nd through November 27th from 8:00 AM to 4:30 PM.

C) <u>State Inactive List Maintenance Process</u> – Ms. Hamilton explained that pursuant to HB 316, if a voter is not active for 5 years, the individual is mailed a confirmation notice. If the voter does not respond to the notice, their status is changed to inactive. After two general elections, if you still remain inactive, the state notifies the voter that they will be removed and provides the opportunity to update their address. The state mailed the letters in early November and voters have until December 16th to respond to the letters. DeKalb County has 27,719 voters on the list and as of November 15, 2,369 of the confirmation notices had been returned undeliverable. Mr. Tillman stated that this is a state process and is not a DeKalb County Board of Voter Registration and Election process.

D) <u>December Meeting</u> – Due to certifying the runoff election, Ms. Hamilton stated that it was staff recommendation to reschedule to the December meeting to Friday, December 13th. Ms. Smith motioned to follow staff recommendation and reschedule the meeting for December 13th. Ms. Vu seconded the motion. The question was called and the motion passed unanimously.

E) <u>2020 Calendar</u> – The Board was provided two calendars for 2020: one with meeting dates on the usual 2nd Thursday of the month and one with rescheduled meetings in April, May, and November for the 2020 Elections. Staff recommendation is to adopt the rescheduled calendar. Ms. Smith motioned to accept staff recommendation and adopt the rescheduled calendar. Mr. Lewis seconded the motion. The question was called and the motion passed unanimously.

F) <u>Introduction of New Employees</u> – Ms. Hamilton introduced new full time employees Taneshia Martinez and Kayla Green. Both Ms. Martinez and Ms. Green previously worked in temporary positions with the office. They will both assist with records quality control.

<u>Comments from the Board</u> – Ms. Motter thanked the county attorneys for their presence and providing real time advice. Mr. Lewis thanked staff for another successful election. Ms. Smith thanked the attorneys and the staff. She commented on seeing the election from a different perspective. Ms. Smith also discussed how inspired she was while judging a rhetorical competition at the National Center for Civil and Human Rights on voting access and participation and recommended that Board Members be provided information on elections and voter registration conferences. Mr. Tillman stated that Board and staff are inviting the County Commissioners to attend events and meetings, thanked Ms. Hamilton and the staff for their hard work during the Election, and stated that he wants every eligible voter to see and test out the new equipment in the coming months.

There being no further business, the meeting was adjourned.

_____
Sharon Hillman, Administrative Coordinator.
Registration and Elections

## 28 Voters - status changed to cancelled

ANDREATOS, MARTHA MAY
APONTE, BRITTNI L
ARMON, BRIGITTE KATHERINE
BADDING, MALCOLM ALBRIGHT
BROWN, GERALD
BUTZLOFF, BARRY JOHN
CHILDREY-CLEAR, JEMHARIE MICHON
CROCKER, MELISSA
CROSS, ANTONIO
FENSTERMAKER, MARK TODD
GEORGE, NISHA
GROOT, JUSTIN PAUL
HICKS, DORIS MCLAURIN
HICKS, EUGENE
HUIE, JASON ANDREW
KELLY, AADAAM MIKHAL
LEWIS, HENRY BLAKE WORTHINGTON
LEYANNA, CASSANDRA D
LEYANNA, MARC ANTHONY
MALLIK, ANTHONY JAVAID
MCCARTHY, MACKENZIE KAY
MCINTYRE, AMIRI NAJEE
OBERMEIER, JOHN R
OJI, STEFANY IFEOMA
TEASE, JONATHAN DEMAAR
WALLACE, KRISTEN CHEVON
WARD, BRADLEE CLIFF
WILLIAMS, KAYLA DANIELLE

# EXHIBIT 5



**ERICA HAMILTON**
**VOTER REGISTRATION & ELECTIONS DIRECTOR**
(404) 298-4020
FAX  (404) 298-4038

**DeKalb County**
**G E O R G I A**

**BOARD MEMBERS**
ANTHONY LEWIS
SUSAN MOTTER
DELE LOWMAN SMITH
SAMUEL E. TILLMAN
BAOKY VU

**Board of Registration and Elections**
4380 Memorial Drive, Suite 300
Decatur, Georgia 30032

July 15, 2019

Ms. Claudine R. Hargrove
444 Sycamore Drive
Decatur, GA  30030

Dear Voter:

This office has received information from the city of Decatur regarding your eligibility and residency at the above address for the purpose of voting.   Since there is question of your eligibility in DeKalb County, there will be a challenge to your right to remain a registered voter in this county.

The DeKalb Board of Registrations and Elections has set the matter down for a hearing to be held on Thursday, August 1, at 4:30 PM, in the office of Voter Registration & Elections, located at 4380 Memorial Drive, Decatur, Georgia.  You are requested to appear before the Board at this time.

Please be prepared to provide evidence to show that you are eligible and do reside at the above address. Items that may be used to establish proof are:  car registration, income tax returns, utility bills, proof of Homestead Exemption, and property tax bills or statements, etc.  You have the right to be represented by legal counsel, at your own expense, if you so desire.

This notice is given pursuant to O.C.G.A. §21-2-229.  Failure to appear at the time specified in any notice given under this article may constitute cause for removing an elector's name from the voters list.

Sincerely,

Erica Hamilton
Director

cc:      DeKalb County Board of Registration and Elections

# EXHIBIT 6



**ERICA HAMILTON**
VOTER REGISTRATION & ELECTIONS DIRECTOR
(404) 298-4020
FAX (404) 298-4038

# DeKalb County
### G E O R G I A

**BOARD MEMBERS**
ANTHONY LEWIS
SUSAN MOTTER
DELE LOWMAN SMITH
SAMUEL E. TILLMAN
BAOKY VU

**Board of Registration and Elections**
4380 Memorial Drive, Suite 300
Decatur, Georgia 30032

November 13, 2019

Ms. Nisha George
6200 Morgan Place Court NE
Atlanta, GA 30324

Dear Ms. George,

Pursuant to O.C.G.A §21-2-229, this letter serves to notify you that your voter registration status was changed to cancelled.

Per the previous correspondence mailed to you, the DeKalb Board of Registration and Elections received information regarding your eligibility and residency for the purpose of voting. A hearing was held on 11/15/2019, and the Board voted to change your status to cancelled.

If you feel this was done error, pursuant to O.C.G.A §21-2-229 (e), "*either party shall have a right of appeal from the decision of the registrars to the superior court by filing a petition with the clerk of the superior court within ten days after the date of the decision of the registrars. A copy of such petition shall be served upon the other parties and the registrars. Unless and until the decision of the registrars is reversed by the court, the decision of the registrars shall stand.*"

Enclosed with this letter is a voter registration application that can be completed and mailed to our office. If you have any questions, please do not hesitate to contact the Voter Registration Department at 404-298-4020.

Sincerely,

Twyla Inez Hart
Registration Supervisor

BRE084

# EXHIBIT 7

**Cynthia Burnett**

| | |
|---|---|
| **From:** | Christian, Deborah <drchristian@dekalbcountyga.gov> |
| **Sent:** | Thursday, May 2, 2019 10:03 AM |
| **To:** | Meredith Roark |
| **Subject:** | FW: Municipal Voter List and Street Maintenance List |
| **Attachments:** | City of Decatur.xlsx; Street Maintenance List.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Due By:** | Thursday, June 6, 2019 4:00 PM |
| **Flag Status:** | Flagged |

Good Morning Meredith,

Here is the list of registered voters for the City of Decatur. Please review it and advise us of any voters that you would like to challenge. We must receive the challenges at least thirty days prior to our July 11th Board meeting. A final listing will be provided before November Municipal Election. The cutoff to register for the Municipal Election is October 7th. I have also included the Municipal Street Maintenance List. Please send this checklist back before August 1st.

It is truly a pleasure to work with you. Please do not hesitate to contact our office if you need assistance or if you have any questions.

*Deborah R. Christian*
*Election Coordinator*
*DeKalb County Voter Registration and Elections*
*4380 Memorial Drive Suite 300*
*Decatur, Ga 30032*
*(404) 298-4032 Office | (404) 298-4038 Fax*
www.dekalbvotes.com



1

Municipal Street Maintenance List

Checklist

Municipality: _____     County: _____

1. Will your municipality have qualifying for the November Election? _____

2. Will the county conduct the Municipal Election? _____

3. If you are already working with your county on the municipal street list or municipal voter list, please sign below and return to your county.

_____          _____
            Name                                          Date

Instructions: Please review your municipal street list, if there are any changes to the street list send the corrections to the county. Questions that you need to consider as you review the street list:

1. Are the streets spelled correctly?
2. Are all previous annexations included?
3. Are any streets missing?
4. Are there any overlapping street segments?
5. Are the street ranges correct?
6. Are the zip codes correct?
7. Are the "sided" all, even, odd-correct?
8. Do any of the segments contain a business address?

Once you have completed the review and sent any necessary changes to your county registrar, please sign and return to your county.

I have reviewed the municipal street list and sent any necessary changes I have to the county.

_____          _____
            Name                                          Date

# EXHIBIT 8



**ERICA HAMILTON**
VOTER REGISTRATION & ELECTIONS DIRECTOR
(404) 298-4020
FAX (404) 298-4038

**DeKalb County**
GEORGIA

BOARD MEMBERS
ANTHONY LEWIS
SUSAN MOTTER
DELE LOWMAN SMITH
SAMUEL E. TILLMAN
BAOKY VU

**Board of Registration and Elections**
4380 Memorial Drive, Suite 300
Decatur, Georgia 30032

August 23, 2019

Mr. Sean J. Young          Mr. John Powers
Legal Director             Lawyers Committee for Civil Rights Under Law
ACLU of Georgia            1500 K Street, NW, Suite 900
Atlanta, GA 30309          Washington, DC 20005

Dear Messrs. Young & Powers:

I am the retiring Administrative Coordinator for the DeKalb County Voter Registration & Elections office and feel I am the most qualified to answer your letter, as the property in question belongs to my husband and myself.

The initial reason for the challenge was because the City of Decatur could not identify 444 Sycamore as a legitimate address. Our Elections Coordinator in charge of mapping asked me to help her write a letter, and I recognized the address. There is no 444 Sycamore Drive, as the "legal address" is 207 Springdale Street; however, the driveway is at 444 Sycamore and is easier for the clients to locate it using the Sycamore address. Obviously, I was aware that no one resides there. If you need us to have the Director confirm that there is no one living there, we will be happy to do so. Please refer to Georgia Election Code 21-2-217 which determines residency. Regardless, there is no such address as 444 Sycamore Drive in Decatur.

Sincerely,

*Mary Frances Weeks*

Mary Frances Weeks

Cc: Erica Hamilton, Director
    DeKalb County Board of Registration & Elections
    City of Decatur Mayor, Mayor Pro Tem & Commission
    Bennett Bryan, County Attorney
    Sharon Jenkins Tucker, Executive Director, Georgia Mental Health Consumer Network

# EXHIBIT 9



**City of Decatur**

**City Manager's Office**
509 North McDonough Street
P.O. Box 220
Decatur, Georgia 30031
404-370-4102 ▪ Fax 404-378-2678
info@decaturga.com ▪ www.decaturga.com

August 20, 2019

RE:     Removal of Registered Voters from 444 Sycamore Drive, Decatur, GA

In May 2019, the City Clerk for the City of Decatur was asked to verify registered voters and the list of municipal streets by the DeKalb County Voter Registration and Elections (DCVRE) Office. City staff reviewed the files provided by the County to ensure that the list of municipal streets was correct and returned the files on June 26, 2019 to Deborah Christian, DeKalb County Election Coordinator. The City Clerk submitted the list of registered voters <u>without a challenge</u>.

The City Clerk notified DCVRE that 444 Sycamore Drive, which was included on the DCVRE municipal streets file, does not appear in the City's property database nor does it appear in the County's property database.

The City Clerk was contacted by Election Coordinator Glenda Woods by telephone regarding the notice of 444 Sycamore Drive as a non-address. In her research Ms. Woods determined that 444 Sycamore Drive was owned by one of her colleagues, Administrative Coordinator Mary Frances Weeks, and that the legal address of the property was 207 Springdale Avenue. Ms. Woods informed the City that DCVRE would take care of notifying the voters with a 444 Sycamore Drive address about the address discrepancy.

The City of Decatur did not request a challenge to the voter list or the municipal streets list. Rather, the City notified DCVRE of the discrepancy in the addressing as was the charge in the Municipal Street Maintenance List Checklist form provided by the County.  The County initiated the challenge of the voters at the address in question.

Andrea Arnold
City Manager

# EXHIBIT 10




October 28, 2019
Via U.S. Mail, Email and Fax

Members of the DeKalb County
Board of Elections and Registration
Anthony Lewis
Susan Motter
Dele Lowman Smith
Samuel Tillman
Baoky N. Vu
4380 Memorial Drive, Suite 300
Decatur, GA 30032
**Email:** voterreg@dekalbcountyga.gov
**Fax:   404-298-4038**

Erica Hamilton
Voter Registration and Elections Director
DeKalb County Board of
Registration and Elections
4380 Memorial Drive, Suite 300
Decatur, GA 30032
**Email:** ehamilton@dekalbcountyga.gov
**Fax:   404-298-4038**

Bennett D. Bryan
Senior Assistant County Attorney
DeKalb County
1300 Commerce Drive
Decatur, GA 30030
**Email:** benbryan@dekalbcountyga.gov
**Fax:   478-277-2933**

**RE: Notice Letter Pursuant to the National Voter Registration Act of 1993**

Dear Madams and Sirs:

We write to notify you, on behalf of the Georgia Coalition for the Peoples' Agenda, the Georgia NAACP, and the New Georgia Project that the DeKalb County Board of Registration and Elections ("BORE"), including Anthony Lewis, Susan Motter, Dele Lowman Smith, Samuel Tillman, and Baoky Vu; and Voter Registration and Elections Director Erica Hamilton, all acting in their official capacities (collectively "Respondents"), have removed voters and conducted voter list maintenance activities in violation of Section 8 of the National Voter Registration Act, 52 U.S.C. § 20507. The Board's practice of unlawfully purging voters in violation of Section 8 is continuing notwithstanding our previous correspondence and repeated outreach to the county attorney's office. *See* Exhibit A (August 20, 2019 and September 25, 2019 letters).

Based upon our investigation to date, it appears that Respondents have violated, and are continuing to violate, 52 U.S.C. § 20507(b)(1) and 52 U.S.C. §§ 20507(d)-(f) by:

1





(1) immediately removing DeKalb County registered voters because of alleged address changes without following the NVRA's mandatory address confirmation procedures or implementing a waiting period of two federal election cycles before removal; and

(2) soliciting challenges and removing registered voters in a non-uniform and discriminatory manner, by targeting registered voters in the City of Decatur and other municipalities but not registered voters in unincorporated portions of DeKalb County; and by targeting registered voters based on their perceived non-traditional or impermanent residency status.

For the reasons discussed below, we urge you to immediately restore all electors to the DeKalb County voter registration list who have been removed through the challenge process, except for those who have confirmed in writing that they are not eligible to vote in DeKalb County. We also ask that you immediately cease and desist from continuing to challenge or remove electors from the voter registration list in violation of the NVRA.

**1. Respondents are Immediately Removing Eligible Voters Because of Alleged Address Changes without Complying with Section 8(d)'s Notice Requirement or Waiting Two Federal Election Cycles**

Section 8(d) of the NVRA sets forth the exclusive method for removing active and inactive electors who are eligible to vote in federal elections from the official DeKalb County voter registration list due to alleged address changes.[1] It prohibits election officials from removing electors eligible to vote in federal elections from the official voter registration list based upon a change of residence unless the registrant "(A) confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or (B)(i) has failed to respond to a notice [asking the voter to send a postage pre-paid, pre-addressed card to confirm his or her address has not changed]; and (ii) has not voted or appeared to vote . . . in an election . . . beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice." 52 U.S.C. § 20507(d); *see also U.S. Student Ass'n Found. v. Land*, 546 F.3d 373, 381-82 (6th Cir. 2008) (a registered elector cannot be removed "from an official registration list on the grounds that his or her residence has changed unless the specified criteria of [Section 8] are met . . . ."); *Common Cause v. Indiana*, 937 F.3d 944, 958-59 (7th Cir. 2019).

---

[1] Registered electors in DeKalb County are eligible to vote in federal elections since the State of Georgia maintains a unitary voter registration process for state and federal elections.





Moreover, 52 U.S.C. §§ 20507(e) and (f) allow registered voters to update their address as late as on Election Day and vote a regular ballot when they have moved between addresses within the same county and congressional district.

Despite the fact that Section 8(d) strictly limits the manner in which registered voters eligible to vote in federal elections may be removed from the list of eligible electors because of address changes, the Board is removing voters from the registration list without following the procedures mandated by the NVRA. Instead of sending a confirmation notice and waiting two federal election cycles before purging voters who have allegedly moved from their address of registration, the Board is removing voters immediately. This practice violates Section 8.

For example, at the DeKalb County Board of Elections meeting on August 1, 2019, Respondents immediately purged one voter because he allegedly "has not lived at the address since 2015" and a letter addressed to him "was returned undeliverable."[2] Three other voters were purged at the same meeting because a third party sent a letter to the Board stating they "no longer lived at the address" and a "letter addressed to each individual was returned undeliverable."[3]

The minutes from the September 12 and October 10, 2019, hearings confirm that the Board is continuing to purge citizens from the rolls based on allegations from a third party that the voter no longer lives at his or her address of registration without waiting two federal election cycles.[4] The minutes do not indicate that the challengers provided the Board with any evidence corroborating the bare assertion that the voters in question no longer lived at their address of registration. It does not appear the Board mailed confirmation notices to at least some of these voters before their registrations were cancelled, while other voters were mailed "a letter" to which "no return correspondence was received." Finally, the minutes indicate that one voter was purged after his registration status had been changed from inactive to active status due to a change in Georgia election law.[5]

## 2. Respondents are Violating Section 8(b)(1) of the NVRA by Removing Electors in a Non-Uniform and Discriminatory Manner

Section 8(b) of the NVRA provides that "[a]ny State program or activity to protect the integrity of the electoral process . . . shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965." 52 U.S.C. § 20507(b)(1). The term

---

[2] See Exhibit B.

[3] Id.

[4] See Exhibits C and D.

[5] Id.





"uniform" as used in Section 8(b)(1) of the NVRA is intended to mean "that any purge program or activity must be applied to an entire jurisdiction."  House Report No. 103-9, H.R. REP. 103-9, 15-16, 1993 U.S.C.C.A.N. 105, 119-20 (emphasis added). Nonetheless, Respondents are purging electors in a non-uniform and discriminatory manner contrary to Section 8(b) in at least two ways.

**First**, the available evidence indicates that Respondents are targeting voters in municipalities – in particular, the City of Decatur – for voter purges without similarly targeting voters who live in rural or non-urban areas.  For example, on May 2, 2019, the Board sent an email to the City of Decatur asking for the City to review a "list of registered voters for the City of Decatur" for the purpose of suggesting "any voters that [the City] would like to challenge."[6]

The August 2019 Board minutes reveal that the Board purged several voters who were registered to vote at 444 Sycamore Drive, Decatur, GA 30030, where the Peer Support, Wellness, and Respite Center is located.  The facility provides temporary housing for individuals with mental disabilities who are struggling with homelessness.[7]

The Board's August 2019 Board minutes state, inaccurately, that the "City of Decatur challenged" the 444 Sycamore Drive voters.[8]  In fact, it appears that Mary Frances Weeks, a Board employee who had an ownership interest in the property, initiated the 444 Sycamore Drive challenge.[9]  In response, Decatur City Manager Andrea Arnold wrote a letter to the Board reminding the Board that "[t]he City of Decatur did not request a challenge to the voter list… rather… the County initiated the challenge of the voters at [444 Sycamore Drive]."[10]  Purging voters at the behest of a Board employee who has a personal interest in the property at issue is precisely the kind of non-uniform, discriminatory list-maintenance activity prohibited by the Section 8(b)(1).  We also ask that you explain why the Board initially asserted the City of Decatur was responsible for the challenges when that was not the case.  Finally, Respondents' solicitations of municipal challenges cannot further any legitimate state interest because state law only permits individual electors, not municipalities, to file challenges. *See* O.C.G.A. §§ 21-2-229(a) (stating that electors may initiate challenges), 21-2-2(7) (defining "elector").

**Second**, the available evidence indicates that Respondents are discriminating against voters in perceived non-traditional or impermanent residences. Nothing in federal or state law requires voters to live in a traditional, permanent home in order to exercise

---

[6] See Exhibit E.

[7] See Exhibit C, 2.

[8] *Id*.

[9] See Exhibit F.

[10] See Exhibit G.




the sacred right to vote.  *See Dozier v. Baker*, 283 Ga. 543, 545 (2008) ("No definite amount of time spent in a place is essential to make that place a home . . . Time of residence in another jurisdiction is not decisive of the question of domicile") (citations and internal alterations omitted); *see also Cook v. Bd. of Registrars of Randolph Cty.*, 320 Ga. App. 447, 452 (2013) (holding individual resides in Randolph County although he maintains an Alabama residence and "lacked a fixed habitation"); O.C.G.A. § 21-2-2(32) ("'Residence' means domicile").  Neither Georgia nor federal law sanctions the disenfranchisement of registered voters simply because they are struggling with homelessness.

3.  **Request Pursuant to the Georgia Open Records Act and the National Voter Registration Act of 1993**

Pursuant to the National Voter Registration Act of 1993 (52 U.S.C. §§ 20507(i)(1)-(2)) and the Georgia Open Records Act (O.C.G.A. § 50-18-71) (hereinafter, "GORA"), we request the following records related to voter challenges and purges of DeKalb County electors at DeKalb County Board of Elections hearings since January 1, 2019:

1.  All public notices concerning all said challenges;
2.  All notices issued to each challenged elector;
3.  All communications sent to any governmental entity, including municipalities and DeKalb County, concerning said challenges;
4.  All records evidencing any and all communications between the Board of Elections and any and all challenged electors and/or electors making any challenges;
5.  All records evidencing each challenge, including, but not limited to, any and all records evidencing the alleged factual and legal bases in support of and in opposition to each said challenge;
6.  All records evidencing the identity of each challenger and each challenged elector, including, but not limited to, the name, racial identification, address, telephone number and email address of each challenger and challenged elector;
7.  All Enet records for each challenged elector and person(s) making said challenges;
8.  All agendas and minutes for each and every Board of Elections meeting during which any such challenges were discussed, considered and/or ruled upon;
9.  All notes, memoranda, reports, correspondence, recordings (audio and video), transcriptions and all other records of any kind concerning said challenges;
10. All records evidencing the final disposition of each challenge, including any and all records evidencing notice of the disposition of each such challenge.

Please note that in the interest of conserving time and expense, we are amenable to receiving the requested records electronically, if possible.  If you anticipate that the




cost of responding to this request will exceed $50.00, please contact the undersigned with the estimate for the production of the records for our approval before reproducing the records.  To the extent that you intend to comply with this request but anticipate it may take longer than three (3) business days to produce some of the records than others, please produce the records as they become available.

**4. Conclusion**

The available evidence indicates that Respondents have challenged and purged electors registered to vote in DeKalb County without complying with the procedures mandated by Sections 8 of the NVRA.  We therefore urge you to restore all electors who have been removed from the rolls in violation of those provisions to active status and to confirm in writing that all of the unlawfully purged voters who live in incorporated municipalities will be eligible to vote in the November 5, 2019 election.  We also urge you to cease and desist from conducting such challenges and purges in the future.

Please be advised that we reserve the right to pursue all available legal remedies, including litigation and, ultimately, an award of attorneys' fees and costs, should you choose to continue to violate the NVRA.

Thank you for your attention and anticipated cooperation.

Sincerely,


John Powers
Counsel
Lawyers' Committee for Civil Rights
        Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
(202) 662-8389
jpowers@lawyerscommittee.org


Sophia Lin Lakin
Staff Attorney
American Civil Liberties Unin
125 Broad Street, 18th Floor

Sean J. Young
Legal Director
ACLU of Georgia
P.O. Box 77208
Atlanta, GA 30357
(770) 303-8111
syoung@acluga.org

6

 

New York, NY 10004
(212) 519-7836
slakin@aclu.org

Cc: Brad Raffensperger, Georgia Secretary of State
    Chris Harvey, Director of Elections
    Cristina Correia, Senior Assistant Attorney General

# Exhibit A





P.O. Box 77208, Atlanta, GA 30357
770.303.8111 | syoung@acluga.org

August 20, 2019

Members of the DeKalb County
Board of Registration and Elections
1300 Commerce Drive
Decatur, GA 30030
voterreg@dekalbcountyga.gov

Erica Hamilton, Director
DeKalb County
Board of Registration and Elections
1300 Commerce Drive
Decatur, GA 30030
ehamilton@dekalbcountyga.gov

Via Certified Mail and E-mail

**Re: Voter Purge of Residents at the Peer Support, Wellness, and Respite Center,
and Open Records Request**

To the DeKalb Board of Registration and Elections,

The ACLU of Georgia and Lawyers' Committee for Civil Rights Under Law write on
behalf of the New Georgia Project and the Georgia Coalition for the Peoples' Agenda in
response to a voter purge of Decatur residents approved during your August 1, 2019 meeting.
According to the Board Minutes, which are appended as Exhibit A, you categorically purged
several voters, including all of those who listed as their residence 444 Sycamore Drive, Decatur,
GA 30030.[1] The purge of the voters at 444 Sycamore Drive was in response to a challenge filed
by the City of Decatur, although it is not clear who asked the City of Decatur to challenge these
voters. Your stated reason for the purge was that this address "is a business where clients can
only stay for three days, and citizens cannot register at a business," and that based on your
"understanding," "at one point, it was a residence." The minutes, however, do not cite to any
evidence in support of these assertions.

The registered voters at 444 Sycamore Drive appear to be among the most vulnerable
among us and hardest hit by life's struggles. Located at that address is the Peer Support,

---

[1] Board Minutes dated August 1, 2019, located at https://bit.ly/2z4gkrj.

Wellness, and Respite Center, which according to its website (see Exhibit B)[2] is freely available for people with mental disabilities who need housing to avoid psychiatric hospitalization, and where residents may stay up to seven nights (not three nights), in 30-day intervals presumably indefinitely. That building can thus serve as a residence for many people who reside there or rely on it as a steady home base while they struggle to find permanent housing. Indeed, it may be the only home for people who are otherwise homeless, have challenging mental disabilities, and have nowhere else to turn.

Stable housing is not a prerequisite to voting. Furthermore, neither state nor federal law grant election officials the authority to decide what locations count as a "residence" or determine where voters may or may not live for voting purposes. A voter's "residence" is often dictated by socioeconomic status and the government's failure to provide stable housing or healthcare. For instance, what a wealthy person considers a "parking lot" may in fact be a "residence" for some people who are homeless. Families with lesser economic means may live where they work because they cannot afford a separate house. In short, while some Georgia voters are homeless or transient, the sacred and fundamental right to vote does not lay in the hands of armchair zoning commissioners.

Given the importance of the right to vote, election officials must be vigilant when considering challenges or requests to disenfranchise people that are based on Google Maps or their preconceived notions of what a "residence" looks like. If the recent voter purge was based on a more thorough investigation than the Board Minutes reflect, please provide us all the evidence relied upon to make your determination. We are therefore making an Open Records Request to attempt to shed some light on this process.

**Potential Illegality of August 1, 2019 Voter Purge**

The recent voter purge raises numerous legal red flags that we ask you to address.

**First,** your designation of the Peer Support, Wellness, and Respite Center as a "business" as opposed to a "residence" is not only wrong, but illogical and irrelevant. Illogical, because a location can be both. Irrelevant, because the word "business" does not appear anywhere in the lengthy, multi-factor test for determining voting residency set forth in O.C.G.A. § 21-2-217, which are highly dependent on an individual's particularized and unique circumstances.[3]

**Second,** if someone registered to vote while residing at the Center but the Center is no longer their home, Georgia law provides that such registered voters can still vote even after they have moved. When voting, such voters can change their address either by applying for an absentee ballot, O.C.G.A. § 21-2-229(c), or vote in-person at the assigned polling place while filling out a change-of-address form. *See* O.C.G.A. § 21-2-229(d). Either way, they are still allowed to vote.

---

[2] *See* https://www.gmhcn.org/peer-support-wellness-respite.

[3] With one exception: the statute provides that a voter's "business pursuits" can be relevant to residency.

Similarly, Georgia law provides a standard mechanism for dealing with confirming the residency of registered voters. Under O.C.G.A. § 21-2-234(b)-(c),[4] if mailings sent to registered voters are returned undeliverable by the United States Postal Service, a confirmation notice must be sent to such voters giving the voter an opportunity to change their address. And even if such confirmation notice is not returned, the voter is not immediately removed from the rolls, but placed in "inactive" status. "Inactive" status still allows them to vote and guarantees that they can still vote for at least two more federal election cycles (up to four years) before they are finally removed, and even then, such voters receive a final notice 30-60 days before they are removed under a recent amendment to the law. *See* O.C.G.A. § 21-2-235; *see also* 52 U.S.C. § 20507(d).

We further remind you that the National Voter Registration Act (NVRA) requires that any list maintenance procedure be "uniform" and "nondiscriminatory," 52 U.S.C. § 20507(b)(1), not targeted towards people who may not be living in a traditional residence. Indeed, while O.C.G.A. § 21-2-228 provides that the Board "shall have the right and shall be charged with the duty of examining from time to time the qualifications of each elector of the county," any such examination must comply with the NVRA and state law, including those provisions related to voters who might have changed their address.[5]

**Third,** the purge of the 444 Sycamore Drive voters occurred in response to a challenge by the City of Decatur, but only individual voters (an "elector") can file challenges to a voter's qualifications, not municipalities. *See* O.C.G.A. § 21-2-229(a) ("Any elector of a county or municipality may challenge the qualifications of . . . any elector of the county or municipality whose name appears on the list of electors."); (b) (referring to "the elector making the challenge"). "Elector" is defined as "any person who shall possess all of the qualifications for voting . . . and shall have registered in accordance with this chapter." O.C.G.A. § 21-2-2(7).

This law ensures that voters have the right to know their accuser. For example, it is unknown which employee or resident of the City of Decatur decided to launch this challenge. The registered voters of 444 Sycamore Drive deserve to know what person is trying to disenfranchise them. If you know, please tell us.

**Fourth,** a voter's residency does not depend solely on how long they stay in one place. *See Dozier v. Baker*, 283 Ga. 543, 545 (2008) ("No definite amount of time spent in a place is essential to make that place a home . . . Time of residence in another jurisdiction is not decisive

---

[4] In citing this statute, we do not concede that it is compliant with the NVRA's restriction on unreasonable list maintenance procedures, the Voting Rights Act, or the United States Constitution. But even assuming it is lawful, it is not clear whether you considered this procedure.

[5] O.C.G.A. § 21-2-228(b) requires an individualized inquiry, including three days of written notice to registered voters subject to challenge and a hearing for each voter. If the Board conducted such an individualized inquiry, please provide copies of all written notices or hearing documents, if any, related to this process, including any letters or other communications with the voter.

of the question of domicile") (citations and internal alterations omitted); O.C.G.A. § 21-2-2(32) ("'Residence' means domicile"). In any event, your assertion that people can only stay there three days contradicts the Center's website, which states that people can stay there up to seven days, potentially at 30-day intervals. If you have evidence that the Center's website is false, please provide it.

**Open Records Request**

To obtain an understanding of the processes you followed to conduct this purge, pursuant to the Georgia Open Records Act (O.C.G.A. § 50-18-70 et seq.), we request access to inspect and copy the following public records prepared or received by the DeKalb County Board of Registration & Elections, or its employees:

All documents and emails concerning the voters purged on August 1, 2019, including those registered at 444 Sycamore Drive, Decatur, GA 30030, including their racial identification and voting histories.

All documents and emails reflecting any notices or communications mailed or otherwise sent to the voters removed from the rolls on August 1, 2019.

All documents and emails reflecting any hearings or other proceedings conducted in connection with the removal of voters on August 1, 2019, as well as the determinations and conclusions resulting from such hearings, and any supporting or countervailing evidence.

All documents and emails reflecting communications between the DeKalb County Board of Registration & Elections and the City of Decatur concerning the location at 444 Sycamore Drive.

Copies of all written challenges filed by the City of Decatur in connection with the voters registered at 444 Sycamore Drive.

Documents reflecting the identity of which person(s) were involved in the City of Decatur's challenge to the qualifications of voters registered at 444 Sycamore Drive.

All documents and emails reflecting subpoenas or other formal or informal requests for information issued in connection with any investigation of whether 444 Sycamore Drive is considered by you to be a "residence" or a "business," as well as all documents reflecting your analysis and determination of whether the location was a "residence" or a "business."

Copies of all evidence and statutes relied upon by you in concluding that every individual removed on August 1, 2019, is not eligible to vote in DeKalb County.

All communications between you and the Peer Support, Wellness, and Respite Center (also known as "Decatur Peer Support & Wellness Center") located in Decatur.

All documents and emails reflecting the time at which a removed voter was registered at 444 Sycamore Drive, evidence supporting your determination of when 444 Sycamore Drive allegedly transitioned from being a "residence" to a "business," and a comparison of whether such removed voter claimed residency at 444 Sycamore Drive before or after such alleged transition.

Thank you for your prompt attention. We look forward to further discussion on this matter. Feel free to reach us by phone if easier.

Sincerely,

Sean J. Young
Legal Director
ACLU of Georgia
Atlanta, GA 30309
Telephone: (770) 303-8111
Email: syoung@acluga.org

John Powers
Counsel
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8389
Email: jpowers@lawyerscommittee.org

CC by e-mail and certified mail:

Mayor Patti Garrett
patti.garrett@decaturga.com

Mayor Pro Tem Tony Powers
tony.powers@decaturga.com

Decatur City Commissioners Brian Smith, Kelly Walsh, and Scott Drake
brian.smith@decaturga.com
kelly.walsh@decaturga.com
scott.drake@decaturga.com

Decatur City Hall
509 North McDonough St.
Decatur, GA 30030



GEORGIA MENTAL HEALTH CONSUMER NETWORK

About     Resources     Projects     Trainings     CPS     Employment     Contact Us

# PEER SUPPORT, WELLNESS, AND RESPITE CENTERS

The Peer Support, Wellness, and Respite Centers are peer-run alternatives to traditional mental health day programs and psychiatric hospitalization.

Each of the five Peer Support, Wellness, and Respite Centers has respite rooms available to citizens of Georgia, available 24 hours a day, year-round. The three respite rooms at each center are free of charge and can be occupied by an individual overwhelmed by life challenges who feels they would benefit from 24/7 peer support, for up to seven nights, every 30 days.

Peers often use Respite to avoid psychiatric hospitalization. An individual must have a Proactive Interview on file before being eligible for Respite. They must also be at least 18 years of age, self-identify as a person who is a consumer of mental health services, have a house tour, and sign Participation Guidelines. Peers are welcome to participate in all activities, regardless of whether that are staying overnight. Activities vary by location--please call ahead to verify the schedule. Descriptions of activities are at the bottom of this page.

All overnight participants are responsible for taking their own prescribed medications and keeping them in a locked box. The box and key are provided by the Respite Centers. The kitchen will be stocked for participants who are using the respite beds and they are free to prepare food for themselves at their convenience. Participants are also free to bring in their own food.

There are no doctors, nurses, case-managers, or clinical staff associated with the Respite Centers, although each participant is free to utilize his or her established medical and community resources. Participants have a file consisting of their Proactive Interview, Contact information, and Participation Guidelines. Guests have access to their file upon request.

The Peer Support, Wellness, and Respite Centers welcome self-referrals. No independent confirmation of mental health challenges or diagnosis is required.

All peer staff are Certified Peer Specialists. In addition, all peer staff have completed Intentional Peer Support Training with Shery Mead and Chris Hansen, Warmline Training with Sheila Silverman, CPR/First Aid Certification Training and general orientation with the Georgia Mental Health Consumer Network.  Probably the best training, however, is the lived experience we all share as mental health peers!

**Proactive Interviews**
A Proactive Interview is an interactive dialogue between a Respite Center peer staff and a peer participant. It is used to determine the type of respite supports preferred by the  participant.  It is completed while a participant is feeling well.

A participant can come to a Respite Center while they are feeling well and have a Pro-active Interview with a peer staff.  Once the interview is completed, they qualify for a respite bed if and when the need arises and a bed is available.

Proactive Interviews are offered weekdays in White County by appointment only; in Bartow County between 9:00-11:00 am, and in Decatur, between 3:00-5:00 pm. All Respite Centers offer Proactive Interviews any time on the weekends during opening hours.



## BARTOW COUNTY PEER SUPPORT, WELLNESS, AND RESPITE CENTER

Peer Support, Wellness & Respite GMHCN

201 North Erwin Street
Cartersville, GA 30120

Phone 770-276-2019
Email wellnesscenter@gmhcn.org



**Directions** I-75 to exit 288 Main Street make a left off the exit. Cross over Hwy 41 and make a right hand turn onto Erwin Street, after train tracks. We will be about 4 blocks down on the right hand side at the corner of Carter and North Erwin.

Jennifer Barnett
Director
Email jennifer@gmhcn.org

**Bartow County Peer Support, Wellness, and Respite Center Scheduled Weekly Activities**

Monday
10:00-10:30 Wellness Walk
11:00-11:30 Aroma Therapy
Noon-1pm Financial Planning
1:30-2:30 Art Exploration
4:00-5:00 Self-Care
8:00-9:00 Respite Support

Tuesday
10:00-10:30 Wellness Walk
11:00-Noon Women's Support
12:30-1:30 Job Readiness
2:00-3:30 Housing Support
4:00-5:00 Trauma Informed Peer Support (TIPS)
8:00-9:00 Respite Support

Wednesday
10:30-11:30 Wellness Walk
Noon-1:30 Peer Zone
2:00-3:30 Wellness Recovery Action Plan (WRAP)
4:00-5:00 Boosting Self Esteem
8:00-9:00 Respite Support

Thursday
10:00-10:30 Wellness Walk
11:00-Noon Emotional Wellbeing Support
12:30-2:00 Whole Health
2:30-3:30 Computer Skills
4:00-5:00 Double Trouble in Recovery
8:00-9:00 Respite Support

Friday
10:00-10:30 Wellness Walk
11:00-12:00 Peer Zone
12:00-1:00 Y'all Recovery All Recovery
1:00-2:00 Musical Expressions
2:30-3:30 Creative Writing
8:00-9:00 Respite Support

Saturday
Events on The Square (All Day)
10:30-1:00 Community Activity (times may vary)
1:00-2:30 Fun & Games
8:00-9:00 Respite Support

Sunday
11:00-1:00 Movie at the Center
2:00-3:00 Fun & Games
3:30-5:00 Issues in Mental Health
8:00-9:00 Respite Support

# COLQUITT COUNTY PEER SUPPORT, WELLNESS, AND RESPITE CENTER

417 2nd Street SE
Moultrie, GA 31768

Phone 229-873-9737
Email wellnesscenter@gmhcn.org





**Kelly Blanton**
Director
Email kelly@gmhcn.org

**Colquitt County Peer Support, Wellness, and Respite Center Scheduled Weekly Activities**

Monday
2:00-3:00 Peer Community
3:30-4:30 Computer Skills
5:00-6:00 Issues in Mental Health
8:00-9:00 Respite Support

Tuesday
2:00-3:00 DTR
3:30-4:30 Housing Support / Financial Planning
5:00-6:00 Trauma-Informed Peer Support
8:00-9:00 Respite Support

Wednesday
2:00-3:00 Exploring Relationships
3:30-4:30 Creating a Meaningful Life
5:00-6:00 Art Explorations
8:00-9:00 Respite Support

Thursday
2:00-3:00 WRAP
3:30-4:30 Whole Health/Wellbeing Support
5:00-6:00 Creative Expressions
8:00-9:00 Respite Support

Friday
2:00-3:00 Y'all Recovery All Recovery
3:30-4:30 Music
5:00-6:00 Nourishing the Spirit
8:00-9:00 Respite Support

Saturday
10:00–6:00 Movies and Games
2:00-3:00   Double Trouble in Recovery
8:00-9:00   Respite Support

Sunday
1:00–6:00 Super Sports Sundays
8:00-9:00  Respite Support

## DECATUR PEER SUPPORT AND WELLNESS CENTER

444 Sycamore Drive
Decatur, GA 30030

Phone 404-371-1414
Email wellnesscenter@gmhcn.org

**Directions** The Center is located two and a half blocks north of the Avondale Marta station on Sycamore Drive. After crossing E. Ponce de Leon, look for the 444 mailbox on the left. The house sits down a long driveway directly across from Springdale St.





**Deborah Bacote-Taylor**
Director
Email deborahtaylor@gmhcn.org

**Decatur Peer Support and Wellness Center Scheduled Weekly Activities**

Monday
11:00-12:30 YMCA (1st & 5th Monday)
11:00-12:30 Whole Health (2nd, 3rd, & 4th)
1:30-3:00    Issues in Mental Health
8:00-9:00    Respite Support

Tuesday
11:00-12:00   Peer Zone
12:30-1:30   Trauma-Informed Peer Support
2:30-3:30   Y'all Recovery All Recovery
4:00–5:00   Computers/Financial Planning/Housing Support
8:00-9:00   Respite Support

Wednesday
11:00-11:30 Peer Community @The Comet
11:30-12:30 Bowling @The Comet (First 10 bowlers are free, additional bowlers $5.00)
1:30-3:00   Musical Expressions
5:00-6:00   Double Trouble in Recovery
8:00-9:00   Respite Support

Thursday
11:30-12:30 WRAP
1:00 – 2:00 Peer Zone
3:00 – 4:00 Creative Expressions
8:00-9:00 Respite Support

Friday
11:00-12:30 YMCA
1:30-2:30 Hearing Voices Network
3:30-5:00 Art Explorations
8:00-9:00 Respite Support

Saturday
Noon-2:00 Bingo
10:00–6:00 Movies and Games!
10:00–6:00 Resources Support
8:00-9:00 Respite Support

Sunday
10:00am - 6:00 CPS Study Group
1:00 – 6:00 Super Sports Sundays
8:00-9:00 Respite Support

 **HENRY COUNTY PEER SUPPORT, WELLNESS, AND RESPITE CENTER**

67 Keys Ferry St
McDonough, GA 30253

Phone 678-782-7666
Email wellnesscenter@gmhcn.org



**Ginger Blessing**
Director
Email ginger@gmhcn.org

**Henry County Peer Support, Wellness, and Respite Center Scheduled Weekly Activities**

Monday
10:00-Noon Bowling at Fun Bowl
12:30-1:30   Aroma Therapy
2:00-3:00    Issues in Mental Health/Peer Zone
8:00-9:00    Respite Support

Tuesday
11:00-Noon Trauma Informed Peer Support/Peer Zone
12:30-1:30   Housing Support/Financial Planning
2:00-3:00    Y'All Recovery All Recovery
8:00-9:00    Respite Support

Wednesday
10:00-1:00   Community Outing
1:00-1:30    Peer Community
2:00-3:00    Hearing Voices Network
8:00-9:00    Respite Support

Thursday
11:00-Noon Wellness Recovery Action Plan
12:30-2:30   Creative Expressions
2:00-3:00    Whole Health
4:00-5:00    Double Trouble in Recovery
8:00-9:00    Respite Support

Friday
10:00-12:00  Art/Music Exploration
12:30-1:30   Whole Health Cooking
2:00-3:00    Let's Laugh - It Feels Good
8:00-9:00    Respite Support

Saturday
10:00-6:00 Movies and Games
8:00-9:00   Respite Support

Sunday
1:00-6:00 Super Sports Sunday
8:00-9:00 Respite Support



# WHITE COUNTY PEER SUPPORT, WELLNESS AND RESPITE CENTER

46 Knaus Drive
Cleveland, Ga 30528

Phone 706-865-3601
Email wellnesscenter@gmhcn.org

**Directions** The Peer Support, Wellness and Respite Center of White
County is located north of Cleveland on Highway 129, approximately
one mile past the high school. We are on the right and just before Kamper
Korner (RV lot). The Center is the white house on the hill.



**White County Peer Support, Wellness, and Respite Center Scheduled Weekly Activities**

Monday
11-Noon    Nourishing the Spirit
12:30-1:30 DTR
2:00-3:00  Creating a Meaningful Life/Independent Living

Thursday
11:00-Noon TIPS
12:30-2:30  Basic Computer Skills/Job Readiness
2:00-4:00   Out and About

**Mitch Easley**
Director
Email mitch@gmhcn.org

Case 1:20-cv-00879-ELR   Document 1   Filed 02/26/20   Page 81 of 106

7:00-8:00  Respite Support

Tuesday
11:00-Noon  Art
12:30-4:30  Bowling (two free games for first 10 participants)
7:00-8:00  Respite Support

Wednesday
11:00-Noon  WHAM
12:30-1:30  Whole Health
2:00-4:00  Recreational Center
7:00-8:00  Respite Support

7:00-8:00  Respite Support

Friday
11:00-Noon  WRAP
12:30-2:30  Y'All Recovery All Recovery
3:30-4:30  Decompression Session
7:00-8:00  Respite Support



## Peer Support Activity Descriptions

Peer support activities vary by location. These descriptions are meant to provide a general idea of what might be expected at any of the Peer Support, Wellness, and Respite Centers. For specific information about scheduled activities, please contact the PSWRC using the contact information above.

Aroma & Relaxation (Bartow) – Let go of your fears, worries, and stresses as we enter a state of complete relaxation. We will use aroma, music, imagery, meditation, and other easy-to do techniques to come to an inner peace.

Art Explorations – Use a variety of art media for self expression and exploration.

Bingo (Decatur) – Join us on Saturdays at 12:00 PM for BINGO with prizes!

Bowling (Decatur) – Meet at The Comet (formerly Suburban Lanes) every Wednesday at 11:00 to bowl competitively with peers and have loads of fun! (First 10 bowlers are free, additional bowlers $5.00); Address 2679 N. Decatur Rd. 30033; 470-225-1931

Computer Skills/Financial Planning/Housing Support - Learn basic computer skills to access housing and financial resources online. Create a budget. Learn the ins and outs of SSI/SSDI. During this hour, computers will only be available for those participating in the activity.

CPS Study Group – Make arrangements with study partners to meet at the PSWC on Sundays to prepare for the Certified Peer Specialist exam.

Creative Cafe – Share your original poetry, spoken word, prose, short stories, etc. Get creative and enjoy coffee and hot chocolate!

Double Trouble in Recovery – A twelve-step program designed to meet the needs of individuals who are dealing with both substance abuse and a mental health diagnosis

Free Events on the Square (Bartow) – Each spring, summer, and fall, Cartersville presents Events on the Square consisting of concerts, farmers market, festivals, etc. Peers can walk to the downtown square all day on Saturdays.

Hearing Voices Network – Are you a person who hears voices? Do you want to talk openly about it without labels, judgments, or coercion? This is a safe place to talk freely and openly about your experiences.

Case 1:20-cv-00879-ELR    Document 1    Filed 02/28/20    Page 82 of 106

Issues in Mental Health – Let's talk about the real issues in mental health -- in the news, with drug companies, legislation… when Let's explore what does and does not support us in recovery

Lyrical Expressions – Exploring the soundtracks of our lives!

LGBT Support – Free to all who self-identify as having a mental health challenge and identify as LGBT

Movies and Games – Saturdays are for hanging out with peers and having some good old-fashioned fun with board games, cards, and movies. We provide games to choose from, but feel free to bring your own as well.

Peer Community (Decatur) – Join us on Wednesdays at The Comet before bowling for news and announcements. This is also a good time to bring up issues that affect the PSWC community at large. Address 2679 N. Decatur Rd. 30033; 470-225-193126619

Peer Zone – A set of interactive workshops created by Mary O'Hagan and Sarah McCook. The activities are engaging and relevant to peers on the recovery path.

Respite Support – An activity every evening at 8:00 pm with respite guests for extra support if you choose

Resources Support – Resources galore. Find what you need in the community, on the internet, or through networking with other peers who have been where you're at and know what's available. Food, clothes, housing, support groups, lots of giveaways in Atlanta!

Sacred Space – this is a forum to talk about spirituality and what makes you passionate! You can freely share your personal feelings and beliefs about spirituality and what it means to you. No preaching, just sharing.

Super Sports Sundays – Come cheer your team on in front of the TV and have a blast!

Trauma-Informed Peer Support – Have you experienced a life-altering event in your life? This is the place where these issues can be explored with your peers while developing skills to begin to move forward.

[1]Voices and Visions – A time to share and explore the place and possible meanings that hearing voices and seeing visions play in our lives. Various tips and tools for working with them will be discussed as well.

Whole Health – Exploring the physical, emotional, and spiritual aspect of our lives and how they intertwine.

WRAP Planning – WRAP (Wellness Recovery Action Plan) assists with developing a wellness plan that keeps you in control when you experience a crisis.

YMCA – The PSWC has free passes! Meet us at the PSWC at 11:00 am on Mondays (1st & 5th Monday) and Fridays for some fun and exercise at the Y. Meet us at the Decatur YMCA located at 1100 Clairemont Ave., Decatur, GA   Phone: (404) 377-9622



**CONTACT FORM**

**YOUR NAME** *

**YOUR EMAIL** *

**HOW MAY WE BE OF SERVICE?**

info@gmhcn.org
Tel 404-687-9487
Toll Free 800-297-6146
Peer2Peer Warm Line 888-945-1414
Fax 404-687-0772

Georgia Mental Health Consumer Network
246 Sycamore Street, Suite 260
Decatur, Georgia 30030

 Join our mailing list.

✔ Become a member.

Follow us on facebook

▶ Hear our stories on YouTube

Send

*Funding for many of the programs and initiatives of the Georgia Mental Health Consumer Network is provided by Georgia's Department of Behavioral Health and Developmental Disabilities. Learn about how DBHDD serves Georgia at their website.*

© 2019 by Georgia Mental Health Consumer Network




P.O. Box 77208, Atlanta, GA 30357
770.303.8111|syoung@acluga.org

1500 K Street NW, Suite 900, Washington, DC 20005
202.662.8389/jpowers@lawyerscommittee.org

September 25, 2019

Members of the DeKalb County
Board of Registration and Elections
1300 Commerce Drive
Decatur, GA 30030
voterreg@dekalbcountyga.gov

Erica Hamilton, Director
DeKalb County
Board of Registration and Elections
1300 Commerce Drive
Decatur, GA 30030
ehamilton@dekalbcountyga.gov

Via Certified Mail and E-mail

**Re: Voter Purge of Residents at the Peer Support, Wellness, and Respite Center, and Open Records Request**

To the DeKalb Board of Registration and Elections,

The ACLU of Georgia and Lawyers' Committee for Civil Rights Under Law write on behalf of the New Georgia Project and the Georgia Coalition for the Peoples' Agenda, to follow up our August 20, 2019 letter concerning the illegal removal of registered voters approved during your August 1, 2019 meeting based on unfounded allegations about their residency.

We have since learned that, contrary to what the Board Minutes reflect, the City of Decatur never filed any challenge at all. Instead, the challenge was actually initiated by an employee of the DeKalb Board of Registration and Elections who had a personal interest in the property at issue. It also appears as if you invited the City of Decatur to file challenges. (*See* Exhibit A.) Even putting aside these procedural problems, the purge was illegal for the reasons set forth in our August 20, 2019 letter.

To put this matter behind us and ensure that the DeKalb County Board of Registration and Elections complies with federal and state law concerning the proper handling of residency-based voter qualifications challenges in the future, we propose that you adopt the policies and procedures appended immediately after this letter. We are happy to answer any questions you may have and look forward to resolving this matter both amicably and expeditiously.

Sincerely,

Sean J. Young                             John Powers
Legal Director                            Counsel
ACLU of Georgia                           Lawyers' Committee for Civil Rights
Atlanta, GA 30309                         Under Law
Telephone: (770) 303-8111                 1500 K Street NW, Suite 900
Email: syoung@acluga.org                  Washington, DC 20005
                                          Telephone: (202) 662-8389
                                          Email: jpowers@lawyerscommittee.org


CC by e-mail and certified mail:

Mayor Patti Garrett
patti.garrett@decaturga.com

Mayor Pro Tem Tony Powers
tony.powers@decaturga.com

Decatur City Commissioners Brian Smith, Kelly Walsh, and Scott Drake
brian.smith@decaturga.com
kelly.walsh@decaturga.com
scott.drake@decaturga.com

Decatur City Hall
509 North McDonough St.
Decatur, GA 30030

# Exhibit B

**MINUTES OF THE MEETING OF THE BOARD
OF REGISTRATION AND ELECTIONS
DEKALB COUNTY
August 1, 2019**

The DeKalb Board of Registration and Elections convened to conduct its monthly meeting on August 1st, in the Absentee Area at 4380 Memorial Drive with Board Chair Samuel Tillman presiding.

Present:             Anthony Lewis, Board Member
                     Susan Motter, Board Member
                     Dele Lowman Smith, Board Member
                     Baoky Vu, Board Member
                     Bennett Bryan, Attorney
                     Erica Hamilton, Director
                     Tiffani Gilbert, Elections Supervisor
                     Twyla Hart, Registration Supervisor
                     Sharon Hillman, Administrative Coordinator (Trainee)
                     Mary Frances Weeks, Administrative Coordinator

Mr. Tillman called the meeting to order at approximately 4:30 PM and asked for an Executive Session to be added to the agenda as 5B to discuss a legal matter. A motion was made by Ms. Smith to approve the agenda. Mr. Vu seconded the motion. Mr. Tillman stated the motion was made and seconded. The question was called and the motion was approved.

Minutes
Ms. Smith recommended that the "Comments from the Public" from the July 11th meeting be reworded. A motion was made by Mr. Lewis to approve the minutes. Ms. Smith seconded the motion. The question was called and the motion was approved.

Comments from the Public
Five citizens signed in and spoke. Four citizens expressed their concerns with poll watcher selection, absentee ballots, and election fairness. One citizen expressed his appreciation of the Director and the office.

Challenges -- Director Erica Hamilton presented the following challenges with staff recommendation for removal.
   A) Anthony Lombardo -- The Board was provided with a request from Joseph Firpo, who resides as the registered address, stating Mr. Lombardo only lived at the residence for 6 months and has not lived at the address since 2015. A letter addressed to Mr. Lombardo was returned undeliverable. A motion was made by Mr. Vu to remove Anthony Lombardo from the DeKalb County voter roll. Mr. Lewis seconded the motion. The question was called and the motion was approved.
   B) Tiffany Harris; Eric Warren Robbins, Leon Harris -- Precinct cards were mailed back to the Board from the individual who currently lives as the registered address with a note stating Ms. Harris, Mr. Robbins, and Mr. Harris no longer lived at the address. A letter addressed to each individual was returned undeliverable. A motion was made by Ms. Smith to remove Tiffany Harris, Eric Warren Robbins, and Leon Harris from the DeKalb County voter roll. Mr. Lewis seconded the motion. The question was called and the motion was approved.

Page 2
August 1, 2019

    C) <u>City of Decatur</u> -- Per Election Law, a list of registered voters was sent to the city. The City of Decatur challenged those registered at 444 Sycamore Drive, Decatur, GA 30030. The address is a business where clients can only stay for three days, and citizens cannot register at a business. A motion was made by Mr. Lewis to remove those registered at 444 Sycamore Drive from the DeKalb County voter roll. Ms. Smith seconded the motion. The question was called and the motion was approved. Ms. Smith questioned how an individual was registered at a business address. Ms. Hamilton stated that her understanding was that at one point, it was a residence.

<u>Presentation</u>

Mr. Tillman requested to add to the agenda a special presentation. M. Vu presented Mrs. Weeks with a gift recognizing her 20 years of service to the Board and DeKalb County.

<u>Unfinished Business</u>

    A) <u>Audit Update</u> -- Ms. Hamilton reported that some members of the board met with audit officials on July 31st. The Board is waiting on official word and notifications from the auditors on how the audit will proceed.

<u>New Business</u>

    A) <u>Precinct Change</u> -- Emory Road – Ms. Hamilton reported that the current Emory Road Precinct is no longer able to accommodate the election. According to Georgia code, a meeting is required after posting a notice in a legal organ two weeks prior, which has been completed. The Board has notified the State Election Board, as it is required since the proposed relocation is outside the precinct. The proposed temporary move is to Druid Hills High School, an existing precinct. A motion was made by Ms. Smith to approve the precinct change. Mr. Vu seconded the motion. Mr. Tillman stated the motion was made and seconded. The question was called and precinct change was approved.

    B) <u>Executive Session</u> -- Mr. Tillman asked for a motion for the Board to go into Executive Session. A motion was made by Mr. Lewis, and Ms. Smith seconded the motion. The question was called and the motion was approved. The Board excused themselves to another area to meet with counsel, after which, a motion was made by Mr. Vu, and seconded by Mr. Lewis to return to regular session. The question was called and the motion was approved. A motion was made by Ms. Smith to enter into a consent order for State Election Board case 2015-100. Mr. Lewis seconded the motion. The question was called and the motion was approved. "No decisions were made, and no votes were taken while we were in Executive Session." A signed affidavit confirming this will be placed with the minutes.

<u>Comments from the Board</u> – Ms. Smith stated that is was a pleasure working with Mrs. Weeks and wish her joy and peace in her retirement. Ms. Smith thanks Mrs. Weeks for an easy onboarding process. Speaking for the staff, Ms. Hamilton wish Mrs. Weeks the very best in her retirement.

There being no further business, the meeting was adjourned.

_____

Sharon Hillman, Administrative Coordinator.
Registration and Elections

**MINUTES OF THE EXECUTIVE SESSION OF THE BOARD**
**OF REGISTRATION AND ELECTIONS**
**DEKALB COUNTY**
**August 1, 2019**

**CONFIDENTIAL**

Chair Samuel Tillman announced that the Board would adjourn into Executive Session to discuss a personnel matter.

An "Open Meeting Affidavit" document was signed and notarized and will be included with the minutes.

There being no further business, the Executive Session was adjourned and the Board returned to open session.

_____
Sharon Hillman
Administrative Coordinator

Exhibit C

**MINUTES OF THE MEETING OF THE BOARD
OF REGISTRATION AND ELECTIONS
DEKALB COUNTY
September 12, 2019**

The DeKalb Board of Registration and Elections convened to conduct its monthly meeting on September 12th, in the Absentee Area at 4380 Memorial Drive with Board Chair Samuel Tillman presiding.

Present:            Anthony Lewis, Board Member
                    Susan Motter, Board Member
                    Dele Lowman Smith, Board Member
                    Baoky Vu, Board Member
                    Erica Hamilton, Director
                    Tiffani Gilbert, Elections Supervisor
                    Twyla Hart, Registration Supervisor
                    Sharon Hillman, Administrative Coordinator

Mr. Tillman called the meeting to order at approximately 4:38 PM and asked for approval of the agenda.  There were no changes or additions and the agenda was adopted.

Minutes
Ms. Smith brought to attention that the minutes did not reflect the correct reason for the Executive Session. A motion was made by Mr. Lewis to approve the minutes with the correction made. Mr. Vu seconded the motion. The question was called and the motion was approved unanimously.

Comments from the Public
Nine citizens signed in and spoke. Citizens spoke of their concerns on the transparency of the Board, the new election machines, and the need for different accommodations for the meetings. One citizen expressed his appreciation of Director Hamilton.

Challenges -- Director Erica Hamilton provided the Georgia Code section for challenging voters and presented the following challenges.
   A) Julia Whitney Harrell and William Doyle Harrell III – Information was received from an elector that Ms. Harrell and Mr. Harrell did not live at their registered address. Ms. Motter brought additional information showing that the individuals did not resides at the address in question. Staff recommended that the voters be placed into cancelled status. Mr. Vu made a motion to follow the staff recommendation and change the status to cancelled. Mr. Lewis seconded the motion. The question was called and the motion was unanimously passed.
   B) Tray C. Cost – Ms. Hamilton stated that Mr. Cost registered several years prior to 2019. He was placed in pending status because he did not verify. However, with the passage and changes outline in House Bill 316, this individual was placed back into active status. Ms. Hamilton stated that there were two options: change the individuals status or place the individual in cancelled status. Mr. Vu motioned for the voter's status to be updated to cancelled. Mr. Vu's motion died from lack of second. Ms. Motter motioned for Mr. Cost to be moved to inactive status. Ms. Smith asked Ms. Hamilton about the process of being an inactive voter. Ms. Hamilton explained the process and implications of changing the status to inactive. The question was called, and the motion was not passed. Mr. Vu made a motion to place the voter in cancelled status. Mr. Lewis second the motion. The question was called and the motion was passed by a majority of three with Mr. Tillman's yea vote. Ms. Smith and Ms. Motter voted nay.

Page 2
September 12, 2019

    C) <u>Challenge List Provided by Lawrence Hoskins</u> – Ms. Hamilton reported that during canvassing, an elector found the voters on the list did not reside at their registered address.  Ms. Hamilton discussed the possible options with the Board. An individual on the list was present for the meeting. She stated that she no longer resides as the address but still in DeKalb County. Ms. Motter proposed that the list be broken into categories. After discussion, Mr. Tillman made an executive decision to have the list altered and to revisit the list during the October meeting.

    D) <u>Jacinda "Cindy" Thomas</u> – A challenge against Ms. Thomas's eligibility to hold the Office of Mayor of Lithonia was made in regards to the residency requirements. Mr. Tillman swore in all those who were present for Ms. Thomas's challenge who planned to present information. Ms. Thomas and her attorney provided information regarding her residency in Lithonia. Several individuals spoke about the residency of Ms. Thomas. Ms. Smith motioned for Ms. Thomas to be retained as a candidate. Mr. Vu second the motion. The question was called and the motion was unanimously approved.

<u>Unfinished Business</u>

Ms. Hamilton stated that there was no unfinished business from the staff. Ms. Smith motioned that the board revisit the issue regarding the voters registered at 444 Sycamore Drive. Mr. Vu seconded the motion. The question was called and the motion was approved unanimously. Ms. Smith motioned to reconsider the action taken by the Board during the August meeting regarding the voters at 444 Sycamore Drive. Mr. Vu seconded the motion. The question as called and the motion as unanimously passed. Ms. Hamilton gave an update on the voters and explained why the original challenge had been brought to the board. There was discussion and no further action was taken by the Board.

<u>New Business</u>

    A) <u>Absentee In Person Application Approval</u> - Ms. Hamilton stated that after considering citizens' concerns over the Advance In Person Voting Application, the office created its own application that is compliant with the law. The application has been reviewed by legal council. A motion was called by Mr. Lewis to adopt the application. Mr. Vu seconded the motion. The question was called, and the motion was approved unanimously.

    B) <u>Advance Voting Locations and Times</u> – Ms. Hamilton presented the staff recommendation for Advance Voting Locations and Times. Any additional satellite location is the responsibility of the cities. All locations are open to any voter during the recommended dates and times. She also made public that on October 17, all DeKalb County Libraries would be closed but open for voting. Mr. Tillman stated that there is a county wide initiative on the ballot this year. Mr. Vu motioned for the Advance Voting Locations and Times to be adopted. Mr. Lewis seconded the motion. The question was called, and the motion was approved unanimously.

    C) <u>National Voter Registration Day</u> – Ms. Hamilton stated that in honor of National Voter Registration Day, the office would be holding a county-wide training on September 24, 2019 at the Lou Walker Center. A letter was sent to Civic Leaders, County Commissioners, Pastors, and schools. The training will provide important information on the 2019/2020 Election Cycles, registering voters, and becoming a poll worker. Mr. Tillman also stated that when the county receives the new voting machine, staff will be holding trainings throughout the county and advised all to contact the staff if any group is interested in holding a training on the new machines.

<u>Comments from the Board</u> – Ms. Motter thanked the public for turning out for the Board meeting. Mr. Tillman thanked everyone for coming out and mentioned that there will be discussion on a different location.

There being no further business, the meeting was adjourned.


 

Sharon Hillman, Administrative Coordinator.
Registration and Elections

Exhibit D

MINUTES OF THE MEETING OF THE BOARD
OF REGISTRATION AND ELECTIONS
DEKALB COUNTY
October 10, 2019

The DeKalb Board of Registration and Elections convened to conduct its monthly meeting on October 10th, in the Absentee Area at 4380 Memorial Drive with Board Chair Samuel Tillman presiding.

Present:          Anthony Lewis, Board Member
                 Susan Motter, Board Member
                 Dele Lowman Smith, Board Member
                 Baoky Vu, Board Member
                 Erica Hamilton, Director
                 Tiffani Gilbert, Elections Supervisor
                 Twyla Hart, Registration Supervisor
                 Sharon Hillman, Administrative Coordinator

Mr. Tillman called the meeting to order at approximately 4:33 PM and asked for approval of the agenda. There were no changes or additions and the agenda was adopted.

<u>Minutes</u>
A motion was made by Mr. Vu to approve the minutes. Ms. Smith seconded the motion. The question was called and the motion was approved unanimously.

<u>Comments from the Public</u>
Six citizens signed in and addressed the Board. Citizens voiced their concerns on placing voters in cancelled status and of their concerns on keeping voter rolls up-to-date. One citizen provided information regarding an agenda item.

<u>Challenges</u> -- Director Erica Hamilton provided the Georgia Code section for challenging voters and presented the following challenges.

    A) <u>John Coleman</u> –The Board was provided information from Jamie Schickler and Winston Persaud that John Coleman did not reside at the registered address. A letter was mailed to Mr. Coleman asking to verify his address. With no return correspondence, the staff recommended to place the voter into cancelled status. Mr. Vu made a motion to follow the staff recommendation and change the status to cancelled. Mr. Lewis seconded the motion. The question was called and the motion was passed with a 3-2 vote. Ms. Smith and Ms. Motter voted nay.

    B) <u>Simba McWonder</u> – The Board was provided information from Thomas Bowen who resides at the registered address that Simba McWonder does not reside at the address. A letter was mailed to Simba McWonder. No return correspondence was received. The staff recommended to place the voter into cancelled status. Mr. Lewis made a motion to follow the staff recommendation and change the status to cancelled. Mr. Vu seconded the motion. The question was called and the motion was passed with a 3-2 vote. Ms. Smith and Ms. Motter voted nay.

    C) <u>Jesse Posey</u> – The Board was provided information from Sheryl Shanholtzer who resides at the registered address that Jesse Posey does not reside at the address. A letter was mailed to Jesse Posey, and no correspondence was returned to the office. The staff recommendation was to place the voter in cancelled status. Mr. Vu made a motion to change Jesse Posey's registration status to cancelled. Mr. Lewis seconded the motion. There was a discussion regarding the site where Mr. Posey registered. Mr. Vu motioned

to table any vote or discussion while Registration Supervisor Twyla Hart gathered additional information. Ms. Smith seconded the motion. The question was called and the motion was approved unanimously.

   After discussion of unfinished business and with new supporting evidence, Ms. Smith motioned to remove Jesse Posey from the table. The motion was second by Mr. Vu. Ms. Hamilton brought additional information on Mr. Posey's registration history. Mr. Vu made a motion to place Mr. Posey into cancelled status. Mr. Lewis second the motion. The question was called and the motion was unanimously passed.

D) <u>Michael White</u> – The Board was provided information from Michael White who resides at the registered address that the particular Michael White in question does not reside at the registered address. A letter was mailed to Mr. White. No return correspondence was received. The staff recommended to place the voter into cancelled status. Ms. Smith questioned status regarding the voter registration process. Mr. Vu made a motion to follow the staff recommendation and change the status to cancelled. Mr. Lewis seconded the motion. The question was called and the motion was passed with a 3-2 vote. Ms. Smith and Ms. Motter voted nay

E) <u>DeShawn Tracy Willborn</u> – The Board was provided information from the resident of the registered address that Mr. Willborn did not reside at the address but that he actually resides across the hall. A letter was mailed to Mr. Willborn, and the office did not receive correspondence back. There was a discussion on contacting Mr. Willborn by different means. Mr. Vu motioned to table to the vote until further research was completed. Mr. Lewis seconded the motion. The question was called and the motion was passed unanimously.

<u>Unfinished Business</u>

A) <u>Challenge List Provided By Lawrence H. Hoskins</u> – Members of the Board discussed the new format requested at the September meeting for the challenges brought by Mr. Lawrence Hoskins. Chairman Tillman stated that because the Registration Deadline for the November 5, 2019 deadline had passed, he was hesitant to place any voters from this group into the cancelled status. Ms. Smith motioned to table the discussion until the November Board Meeting. The motion was seconded by Ms. Motter.  The question was called and the motion was passed unanimously.

<u>New Business</u>

A) <u>November Board Meeting Date</u> - Ms. Hamilton stated that due to HB 316, the certification deadline has been extended, and she recommended the November Board Meeting be moved to November 15th. Mr. Vu made a motion to change the date to November 15th. Ms. Smith seconded the motion. The question was called and the motion passed unanimously.

B) <u>Approve the November 5, 2019 General Municipal/Special Election Poll Officials</u> – The Board was provided a list of Election Officials with demographical information, in accordance to O.C.G.A § 21-2-90. Ms. Hamilton stated the training would complete next week. A motion was made to approve the list of Poll Officials and was seconded. The question was called and the motion was unanimously passed.

C) <u>Emory Road Precinct Change</u> – Ms. Hamilton stated that the staff was not able to find an adequate permanent replacement for the Emory Road Precinct. It is the recommendation of the staff that the precinct be split between the Fernbank Elementary Precinct and the Druid Hills Precinct. Per Georgia Law, the precinct changes would be brought to the Board of Commissioners for a vote if the Board of Voter Registration and Elections approved them.  Mr. Vu made a motion to approve that the changes recommended by the staff be brought to the Board of Commissioners. Ms. Smith second the motion. After discussion on engaging the community on the changes, the question was called and the motion was approved unanimously.

<u>Comments from the Board</u> – Mr. Lewis spoke on the importance of considering both sides of challenges when brought to the Board.

<u>Comments from the Staff</u> – Ms. Hamilton informed the Board that final preparations were being made for the start of Early and Election Day voting as well as that some staff training had begun on the new equipment.

There being no further business, the meeting was adjourned.

_____
Sharon Hillman, Administrative Coordinator.
Registration and Elections

Exhibit E

**Cynthia Burnett**

| | |
|---|---|
| **From:** | Christian, Deborah <drchristian@dekalbcountyga.gov> |
| **Sent:** | Thursday, May 2, 2019 10:03 AM |
| **To:** | Meredith Roark |
| **Subject:** | FW: Municipal Voter List and Street Maintenance List |
| **Attachments:** | City of Decatur.xlsx; Street Maintenance List.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Due By:** | Thursday, June 6, 2019 4:00 PM |
| **Flag Status:** | Flagged |

Good Morning Meredith,
Here is the list of registered voters for the City of Decatur. Please review it and advise us of any voters that you would like to challenge. We must receive the challenges at least thirty days prior to our July 11th Board meeting. A final listing will be provided before November Municipal Election. The cutoff to register for the Municipal Election is October 7th. I have also included the Municipal Street Maintenance List. Please send this checklist back before August 1st.

It is truly a pleasure to work with you. Please do not hesitate to contact our office if you need assistance or if you have any questions.

*Deborah R. Christian*
*Election Coordinator*
*DeKalb County Voter Registration and Elections*
*4380 Memorial Drive Suite 300*
*Decatur, Ga 30032*
*(404) 298-4032 Office | (404) 298-4038 Fax*
www.dekalbvotes.com



1

Municipal Street Maintenance List

Checklist

Municipality: _____     County: _____

1. Will your municipality have qualifying for the November Election? _____

2. Will the county conduct the Municipal Election? _____

3. If you are already working with your county on the municipal street list or municipal voter list, please sign below and return to your county.

_____          _____
Name                                                            Date

---

Instructions: Please review your municipal street list, if there are any changes to the street list send the corrections to the county. Questions that you need to consider as you review the street list:

1. Are the streets spelled correctly?
2. Are all previous annexations included?
3. Are any streets missing?
4. Are there any overlapping street segments?
5. Are the street ranges correct?
6. Are the zip codes correct?
7. Are the "sided" all, even, odd-correct?
8. Do any of the segments contain a business address?

Once you have completed the review and sent any necessary changes to your county registrar, please sign and return to your county.

I have reviewed the municipal street list and sent any necessary changes I have to the county.

_____          _____
Name                                                            Date

Exhibit F



ERICA HAMILTON
VOTER REGISTRATION & ELECTIONS DIRECTOR
(404) 298-4020
FAX (404) 298-4038

**DeKalb County**
GEORGIA

BOARD MEMBERS
ANTHONY LEWIS
SUSAN MOTTER
DELE LOWMAN SMITH
SAMUEL E. TILLMAN
BAOKY VU

**Board of Registration and Elections**
4380 Memorial Drive, Suite 300
Decatur, Georgia 30032

August 23, 2019

Mr. Sean J. Young
Legal Director
ACLU of Georgia
Atlanta, GA 30309

Mr. John Powers
Lawyers Committee for Civil Rights Under Law
1500 K Street, NW, Suite 900
Washington, DC 20005

Dear Messrs. Young & Powers:

I am the retiring Administrative Coordinator for the DeKalb County Voter Registration & Elections office and feel I am the most qualified to answer your letter, as the property in question belongs to my husband and myself.

The initial reason for the challenge was because the City of Decatur could not identify 444 Sycamore as a legitimate address. Our Elections Coordinator in charge of mapping asked me to help her write a letter, and I recognized the address. There is no 444 Sycamore Drive, as the "legal address" is 207 Springdale Street; however, the driveway is at 444 Sycamore and is easier for the clients to locate it using the Sycamore address. Obviously, I was aware that no one resides there. If you need us to have the Director confirm that there is no one living there, we will be happy to do so. Please refer to Georgia Election Code 21-2-217 which determines residency. Regardless, there is no such address as 444 Sycamore Drive in Decatur.

Sincerely,

*Mary Frances Weeks*

Mary Frances Weeks

Cc: Erica Hamilton, Director
    DeKalb County Board of Registration & Elections
    City of Decatur Mayor, Mayor Pro Tem & Commission
    Bennett Bryan, County Attorney
    Sharon Jenkins Tucker, Executive Director, Georgia Mental Health Consumer Network

Exhibit G



City of Decatur

City Manager's Office
509 North McDonough Street
P.O. Box 220
Decatur, Georgia 30031
404-370-4102 ▪ Fax 404-378-2678
info@decaturga.com ▪ www.decaturga.com

August 20, 2019

RE:     Removal of Registered Voters from 444 Sycamore Drive, Decatur, GA

In May 2019, the City Clerk for the City of Decatur was asked to verify registered voters and the list of municipal streets by the DeKalb County Voter Registration and Elections (DCVRE) Office. City staff reviewed the files provided by the County to ensure that the list of municipal streets was correct and returned the files on June 26, 2019 to Deborah Christian, DeKalb County Election Coordinator. The City Clerk submitted the list of registered voters without a challenge.

The City Clerk notified DCVRE that 444 Sycamore Drive, which was included on the DCVRE municipal streets file, does not appear in the City's property database nor does it appear in the County's property database.

The City Clerk was contacted by Election Coordinator Glenda Woods by telephone regarding the notice of 444 Sycamore Drive as a non-address. In her research Ms. Woods determined that 444 Sycamore Drive was owned by one of her colleagues, Administrative Coordinator Mary Frances Weeks, and that the legal address of the property was 207 Springdale Avenue. Ms. Woods informed the City that DCVRE would take care of notifying the voters with a 444 Sycamore Drive address about the address discrepancy.

The City of Decatur did not request a challenge to the voter list or the municipal streets list. Rather, the City notified DCVRE of the discrepancy in the addressing as was the charge in the Municipal Street Maintenance List Checklist form provided by the County.  The County initiated the challenge of the voters at the address in question.


Andrea Arnold
City Manager

# EXHIBIT 11



**Law Department**

Viviane H. Ernstes
County Attorney

**Chief Executive Officer**
Michael L. Thurmond

**Board of Commissioners**

District 1
Nancy Jester

District 2
Jeff Rader

District 3
Larry Johnson

District 4
Steve Bradshaw

District 5
Mereda Davis Johnson

District 6
Kathie Gannon

District 7
Lorraine Cochran-Johnson

January 24, 2020

Via U.S. Mail and E-mail

John Powers
Counsel
Lawyers' Committee for Civil Rights
    Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
jpowers@lawyerscommittee.org

Sean J. Young
Legal Director
ACLU of Georgia
P.O. Box 77208
Atlanta, GA 30357
syoung@acluga.org

Sophia Lin Lakin
Staff Attorney
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org

**Re:   NVRA Notice Letter**

Dear Counsel:

    As you know, our office has been working with you to resolve issues pertaining to your October 28, 2019 request for records, to which the County responded on October 31, 2019.  It is my understanding that you have now transmitted payment for the requested records.  As the document issues have been resolved, I wanted to provide the County's response regarding the substantive allegations in your October 28, 2019 correspondence.  In short, we disagree with both your general premise that Georgia's challenge procedures violate the National Voter Registration Act and your specific contentions that the County Board of Registration and Elections removed the identified individuals from the list of eligible voters in violation of applicable law or otherwise discriminated against them.  Should you wish, we will be glad to address these issues with you in more detail following production of the requested documents.

Sincerely,

Aaron J. Ross

Aaron J. Ross
Litigation Strategy Division Chief

Response to NVRA Notice Letter
January 24, 2020
Page 2 of 2


cc:     Viviane H. Ernstes, County Attorney (by hand delivery)
        Terry G. Phillips, Deputy County Attorney (by hand delivery)
        Shelley D. Momo, Assistant County Attorney (by e-mail only)
        Irene B. Vander Els, Assistant County Attorney (by e-mail only)