IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGIA STATE CONFERENCE
OF THE NATIONAL ASSOCIATION
FOR THE ADVANCEMENT OF
COLORED PEOPLE, as an
organization; and the GEORGIA'S
COALITION FOR THE PEOPLE'S
AGENDA, INC., as an organization;

     Plaintiffs,

v.

DEKALB COUNTY BOARD OF
REGISTRATION AND ELECTIONS;
ANTHONY LEWIS, in his official
capacity as Member of the DeKalb
County Board of Registration and
Elections; SUSAN MOTTER in her
official capacity as Member of the
DeKalb County Board of Registration
and Elections; DELE LOWMAN
SMITH in her official capacity as
Member of the DeKalb County Board
of Registration and Elections;
SAMUEL TILLMAN in his official
capacity as Member of the DeKalb
County Board of Registration and
Elections; BAOKY N. VU, in his
official capacity as Member of the
DeKalb County Board of Registration
and Elections; and ERICA
HAMILTON in her official capacity as

Civil Action File No.
1:20-CV-00879-ELR

Director of Voter Registration and
Elections;

       Defendants.

## DEFENDANTS' CONSENT EMERGENCY MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT

Defendants DeKalb County Board of Registration and Elections, Anthony Lewis (in his official capacity), Susan Motter (in her official capacity), Dele Lowman Smith (in her official capacity), Samuel Tillman (in his official capacity), Baoky N. Vu (in his official capacity), and Erica Hamilton (in her official capacity) (collectively, the "Defendants"), pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Northern District of Georgia Local Rule 7.2(B), with the consent of Plaintiffs Georgia State Conference of the National Association for the Advancement of Colored People and the Georgia Coalition for the People's Agenda, Inc. (together, the "Plaintiffs"), hereby move the Court to extend the time within which Defendants must answer or otherwise respond to Plaintiffs' Complaint (Doc. 1) through and including April 22, 2020, showing the Court as follows:

1.The current deadline by which Defendants must answer or otherwise respond to Plaintiffs' Complaint is April 15, 2020. *See* Fed. R. Civ. Pro. 12(a)(1)(A)(i).

2. Emergency conditions arising from the spread of the Coronavirus/COVID-19 have required Defendants and the undersigned counsel to divert attention and resources to other urgent matters.

3. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires."

4. In this case, good cause exists to extend the deadline to answer or otherwise respond to the Complaint by seven (7) days, up to and including April 22, 2020, based on the impact of and preventative measures taken in response to the Coronavirus/COVID-19.  Among other things, Defendants' attention and resources have been directed to urgent county matters in response to the Coronavirus/COVID-19, including but not limited to changes to the election schedule and processes, and undersigned counsel has had limited access to their offices, files, clients, and research platforms as a result of the preventative measures taken in response to the Coronavirus/COVID-19.

4. Extending the deadline to answer or otherwise respond to the Complaint by seven (7) days, up to and including April 22, 2020, would ensure that counsel has adequate time to consult with their clients and prepare the responsive pleading,

while also complying with the recommended preventative measures taken in response to the Coronavirus/COVID-19.

5. Defendants' counsel has conferred with Plaintiffs' counsel who has indicated that Plaintiffs consent to the requested extension of time set forth herein.

WHEREFORE, Defendants respectfully request that the Court enter an order extending the time within which Defendants must answer or otherwise respond to Plaintiffs' Complaint through and including April 22, 2020. A proposed order is attached hereto as Exhibit A for the Court's convenience.

This 10th day of April, 2020.

Laura K. Johnson
Deputy County Attorney
Georgia Bar No. 392090

s/ Aaron J. Ross
Aaron J. Ross
Senior Assistant County Attorney
Georgia Bar No. 461981

Irene B. Vander Els
Assistant County Attorney
Georgia Bar No. 033663

*Counsel for Defendants*

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Aaron J. Ross
Senior Assistant County Attorney
ajross@dekalbcountyga.gov
Irene B. Vander Els
Assistant County Attorney
ivanderels@dekalbcountyga.gov
**DEKALB COUNTY LAW DEPARTMENT**
1300 Commerce Drive, 5th Floor
Decatur, Georgia 30030
Telephone:  (404) 371-3011
Facsimile:  (404) 371-3024

## CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system (which document was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C)), which will automatically send e-mail notification of such filing to the following opposing counsel of record:

Gail Podolsky
D. Barrett Broussard
Carlton Fields, P.A.
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455

Sean J. Young
ACLU of Georgia
1100 Spring Street, N.W.
Atlanta, Georgia 30309

Ezra Rosenberg
Bradley Phillips
Julie Houk
John Powers
The Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005

Sophia Lin Larkin
Dale E. Ho
125 Broad Street, 18th Floor
New York, New York 10004

This 10th day of April, 2020.

s/ Irene B. Vander Els
Irene B. Vander Els
Assistant County Attorney
DeKalb County Law Department

*One of the Attorneys for Defendants*