IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, as an organization, et al.;<br><br>Plaintiffs,<br><br>v.<br><br>DEKALB COUNTY BOARD OF REGISTRATION AND ELECTIONS, et al.<br>Defendants. | Civil Action File No. 1:20-CV-00879-ELR |

**<u>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendants Anthony Lewis, Susan Motter, Dele Lowman Smith, Samuel Tillman, and Baoky N. Vu, each in his or her official capacity as a member of the DeKalb County Board of Registration and Elections, Erica Hamilton, in her official capacity as Director of the DeKalb County Department of Voter Registration and Elections, and the DeKalb County Board of Registration and Elections (collectively, "Defendants") answer Plaintiffs' Complaint (Doc. 1) in the above-styled action as follows:

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

## SECOND DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs lack standing to assert some or all of their claims.

## FOURTH DEFENSE

Some or all of Plaintiffs' claims are not ripe for review and/or are moot.

## FIFTH DEFENSE

Because Plaintiffs are challenging the validity or construction of a Georgia statute, Plaintiffs have failed to join an indispensable party.

## SIXTH DEFENSE

To the extent Plaintiffs' claims against Defendants rely on the doctrine of *respondeat superior* or any related doctrines, such claims fail as a matter of law because Defendants may not be held liable based on such doctrines.

**SEVENTH DEFENSE**

Some or all of the claims/damages alleged in the Complaint are barred under other doctrines of estoppel and/or waiver.

**EIGHTH DEFENSE**

Plaintiffs have failed to mitigate their alleged damages.

**NINTH DEFENSE**

Defendants respond to the allegations set out in these individually-numbered paragraphs as follows:

1. Defendants admit that Plaintiffs have filed this lawsuit, further stating that the lawsuit speaks for itself. Defendants deny the remaining allegations of paragraph 1.

2. Defendants admit the first sentence of paragraph 2 and deny the remaining allegations of paragraph 2.

3. Defendants deny paragraph 3 except to the extent paragraph 3 states a legal conclusion, for which no response is required.

4. Defendants deny paragraph 4 except to the extent paragraph 4 states a legal conclusion, for which no response is required.

5. Defendants state that paragraph 5 states a legal conclusion to which no response is required.

6. Defendants deny paragraph 6.

7. Defendants deny paragraph 7.

8. Defendants deny paragraph 8.

9. Defendants state that Plaintiffs' Complaint speaks for itself and deny paragraph 9 to the extent inconsistent therewith.

10. Defendants deny the last sentence of paragraph 10. With regard to the remainder of paragraph 10, Defendants are without knowledge or information sufficient to form a belief as to the truth of those portions of paragraph 10 and therefore deny the same.

11. Defendants deny the last sentence of paragraph 11. With regard to the remainder of paragraph 11, Defendants are without knowledge or information sufficient to form a belief as to the truth of those portions of paragraph 11 and therefore deny the same.

12. In response to the allegations contained in paragraph 12, Defendants admit that the DeKalb County Board of Registration and Elections (the "Board") is a county board of registration and elections formed under state law and charged with jurisdiction over the conduct of primaries and elections and the registration of electors in DeKalb County. Defendants further admit that the DeKalb County Department of Voter Registration and Elections, which implements the decisions

of the Board, is located at 4380 Memorial Drive, Suite 300, Decatur, Georgia 30032-1239. Defendants deny the remaining allegations of paragraph 12.

13. Defendants admit paragraph 13.

14. Defendants admit paragraph 14.

15. Defendants admit paragraph 15.

16. Defendants admit paragraph 16.

17. Defendants admit paragraph 17.

18. Defendants admit that Erica Hamilton is the Director of the DeKalb County Department of Voter Registration and Elections, and admit the remaining allegations of paragraph 18.

19. Defendants state that paragraph 19 states a legal conclusion to which no response is required.

20. Defendants state that paragraph 20 states a legal conclusion to which no response is required.

21. Defendants state that paragraph 21 states a legal conclusion to which no response is required.

22. Defendants state that paragraph 22 states a legal conclusion to which no response is required.

23. Defendants state that paragraph 23 states a legal conclusion to which no response is required.

24. Defendants state that paragraph 24 states a legal conclusion to which no response is required.

25. Defendants state that paragraph 25 states a legal conclusion to which no response is required.

26. Defendants state that paragraph 26 states a legal conclusion to which no response is required.

27. Defendants state that paragraph 27 states a legal conclusion to which no response is required.

28. Defendants state that paragraph 28 states a legal conclusion to which no response is required.

29. Defendants deny paragraph 29.

30. Defendants deny paragraph 30.

31. Defendants admit paragraph 31.

32. In response to the allegations contained in paragraph 32, Defendants state that the referenced minutes speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations contained in paragraph 32 as stated.

33. In response to the allegations contained in paragraph 33, Defendants state that the referenced letter speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations contained in paragraph 33 as stated.

34. Defendants deny paragraph 34 as stated.

35. In response to the allegations contained in paragraph 35, Defendants state that the referenced minutes speak for themselves and are the best evidence of their respective contents. Defendants deny any remaining allegations contained in paragraph 35.

36. In response to the allegations contained in paragraph 36, Defendants state that the referenced minutes speak for themselves and are the best evidence of their contents. Defendants deny the remaining allegations contained in paragraph 36 as stated.

37. In response to the allegations contained in paragraph 37, Defendants state that the referenced minutes speak for themselves and are the best evidence of their respective contents. Defendants deny any remaining allegations contained in paragraph 37.

38. Defendants deny paragraph 38.

39. Defendants deny paragraph 39 as stated.

40. In response to the allegations contained in paragraph 40, Defendants state that the referenced minutes speak for themselves and are the best evidence of their respective contents. Defendants deny any remaining allegations contained in paragraph 40.

41. Defendants deny paragraph 41 as stated.

42. In response to the allegations contained in paragraph 42, Defendants state that the referenced minutes speak for themselves and are the best evidence of their respective contents. Defendants deny any remaining allegations contained in paragraph 42.

43. In response to the allegations contained in paragraph 43, Defendants state that the referenced letter speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations contained in paragraph 43.

44. In response to the allegations contained in paragraph 44, Defendants state that the referenced letters speak for themselves and are the best evidence of their respective contents. Defendants deny any remaining allegations contained in paragraph 44.

45. In response to the allegations contained in paragraph 45, Defendants state that the referenced letters speak for themselves and are the best evidence of

their contents. Defendants deny any remaining allegations contained in paragraph 45.

46. Defendants deny paragraph 46.

47. In response to the allegations contained in paragraph 47, Defendants state that the referenced letter speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations contained in paragraph 47.

48. In response to the allegations contained in paragraph 48, Defendants state that the referenced letter speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations contained in paragraph 48.

49. Defendants deny paragraph 49.

50. Defendants deny paragraph 50.

51. In response to the allegations contained in paragraph 51, Defendants state that the referenced email speaks for itself and is the best evidence of its contents. Defendants respond further by denying that they have purged voters generally or removed voters in a non-uniform or discriminatory manner and therefore deny the remaining allegations of paragraph 51.

52. In response to the allegations contained in the first sentence of paragraph 52, Defendants state that the referenced minutes speak for themselves and are the best evidence of their contents. Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 and therefore deny the same.

53. In response to the allegations contained in paragraph 53, Defendants state that the referenced minutes and letter speak for themselves and are the best evidence of their respective contents. Defendants deny the remaining allegations contained in paragraph 53.

54. In response to the allegations contained in paragraph 54, Defendants state that the referenced letter speaks for itself and is the best evidence of its contents.

55. Defendants deny paragraph 55.

56. Defendants deny paragraph 56.

57. Defendants deny paragraph 57.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 58 and therefore deny the same.

59. Defendants deny paragraph 59.

60. Defendants deny paragraph 60.

61. In response to the allegations contained in paragraph 61, Defendants state that the referenced letter speaks for itself and is the best evidence of its contents.

62. In response to the allegations contained in paragraph 62, Defendants state that the referenced letter speaks for itself and is the best evidence of its contents.

63. Defendants incorporate by reference and restate herein their answers to paragraph 1 through 62 to Plaintiffs' Complaint.

64. Defendants state that paragraph 64 states a legal conclusion to which no response is required.

65. Defendants deny paragraph 65.

66. Defendants deny paragraph 66.

67. Defendants deny paragraph 67.

68. Defendants incorporate by reference and restate herein their answers to paragraph 1 through 67 to Plaintiffs' Complaint.

69. Defendants state that paragraph 69 states a legal conclusion to which no response is required.

70. Defendants state that paragraph 70 states a legal conclusion to which no response is required.

71. In response to the allegations contained in paragraph 71 of the Complaint, Defendants state that the referenced letters speak for themselves and are the best evidence of their respective contents. Defendants further state that the remaining allegations state a legal conclusion to which no response is required.

72. Defendants deny paragraph 72.

73. Defendants deny paragraph 73.

74. Defendants deny paragraph 74.

75. Defendants incorporate by reference and restate herein their answers to paragraph 1 through 74 to Plaintiffs' Complaint.

76. Defendants state that paragraph 76 states a legal conclusion to which no response is required.

77. Defendants deny paragraph 77.

78. Defendants deny paragraph 78.

79. Defendants incorporate by reference and restate herein their answers to paragraph 1 through 78 to Plaintiffs' Complaint.

80. Defendants deny paragraph 80.

81. Defendants deny paragraph 81.

82. Defendants deny paragraph 82.

83. Defendants deny paragraph 83.

84. Defendants deny paragraph 84 except to the extent paragraph 84 states a legal conclusion, for which no response is required.

85. Defendants deny paragraph 85 except to the extent paragraph 85 states a legal conclusion, for which no response is required.

86. Defendants incorporate by reference and restate herein their answers to paragraph 1 through 85 to Plaintiffs' Complaint.

87. Defendants deny paragraph 87.

88. Defendants deny paragraph 88.

89. Defendants deny the first sentence of paragraph 89. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 89 and therefore deny the same.

90. Defendants state that paragraph 90 states a legal conclusion to which no response is required.

91. Defendants deny paragraph 91.

92. In response to Plaintiffs' Prayer for Relief, Defendants deny that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief or any relief whatsoever from Defendants in this case.

93. All allegations in Plaintiffs' Complaint that were not specifically admitted in this Answer are hereby denied

WHEREFORE, Defendants respectfully pray as follows:

(1) That Plaintiffs be denied any relief against Defendants and that Plaintiffs' Complaint against Defendants be dismissed with prejudice; and

(2) That Plaintiffs pay the costs of this action and, to the extent authorized by law, reimburse Defendants for their attorneys' fees and expenses of litigation; and

(3) For such other and further relief as this Court deems just and proper.

This 16th day of September, 2020.

Laura K. Johnson
Deputy County Attorney
Georgia Bar No. 392090

s/ Irene B. Vander Els
Irene B. Vander Els
Assistant County Attorney
Georgia Bar No. 033663

Shelley D. Momo
Assistant County Attorney
Georgia Bar No. 239608
*Counsel for Defendants*

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Irene B. Vander Els
Assistant County Attorney
ivanderels@dekalbcountyga.gov
**DEKALB COUNTY LAW DEPARTMENT**
1300 Commerce Drive, 5th Floor
Decatur, Georgia 30030
Telephone: (404) 371-3011
Facsimile: (404) 371-3024

**CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system (which document was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C)), which will automatically send e-mail notification of such filing to the following opposing counsel of record:

Gail Podolsky
D. Barrett Broussard
Carlton Fields, P.A.
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309-3455

Sean J. Young
ACLU of Georgia
1100 Spring Street, N.W.
Atlanta, Georgia 30309

Ezra Rosenberg
Bradley Phillips
Julie Houk
John Powers
The Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005

Sophia Lin Larkin
Dale E. Ho
125 Broad Street, 18th Floor
New York, New York 10004

This 16th day of September, 2020.

s/ Irene B. Vander Els
Irene B. Vander Els
Assistant County Attorney
DeKalb County Law Department

*One of the Attorneys for Defendants*