# EXHIBIT A

Adopted by the BRE on 2.19.21

**DeKalb County Board of Registrations and Elections**

**Procedures for Responding to Voter Challenges**
**Submitted Pursuant to O.C.G.A. § 21-2-229**

1. Challenges to the qualifications of a Dekalb County registered voter to remain on the voter registration list under O.C.G.A. § 21-2-229 may be made only by a registered voter of DeKalb County. Challenges may not be made by voters who are not registered in the same county or municipality as the challenged voter or by private entities, businesses, political committees. PAC, political parties, or other organizations. Therefore, before acting upon a challenge submitted to the BRE, the BRE must determine whether the challenger is registered to vote in DeKalb County and, if not, the BRE must reject the challenge on this basis.

2. Upon receiving a written challenge to a voter's eligibility based upon the allegation that he or she does not reside in DeKalb County or in one of its municipalities, the BRE shall require the challenger, under the authority of O.C.G.A. §21-2-229(a), to specify whether the challenge is based on the challenged voter's current residency status or the voter's residency status at the time the voter initially registered. The BRE shall inform the challenger of this requirement pursuant to written notice to the challenger at the address provided in the written challenge. A copy of these procedures shall be included with the notice.

3. The BRE shall not remove any voters from the DeKalb County voter registration list based on a challenge alleging that they were properly registered to vote in DeKalb County at the time of initial registration but may have moved from the address listed in their voter registration file. The sole procedure to be followed in this circumstance is to send the voter a confirmation notice and wait two federal election cycles for the voter to either vote or update his or her information before removing him or her from the rolls as outlined under Section 8(d) of the NVRA. If the challenger fails to affirmatively state in writing that the challenge is based upon the challenged voter's residency status at the time the voter initially registered to vote, the BRE shall follow the following protocols:

(a) If such written notice to the challenged voter is returned marked "undeliverable" by the United States Postal Service, the BRE shall send the challenged voter a confirmation notice pursuant to O.C.G.A. § 21-2-234(b).
(b) If no response to the BRE's written notice of challenge is received from the challenged voter, the BRE shall inform the challenger that the challenge does not present grounds to contest the eligibility of the voter to remain on the DeKalb County voter list and no further action shall be taken on the challenge.
(c) If the challenged voter responds to the written notice with a written confirmation of a change of address, the BRE shall update the voter's record to reflect such change, including the removal of such voter from the active voter list if such written confirmation from the challenged voter reflects that such voter is no longer qualified to vote in DeKalb County.

4. If the challenger affirmatively states that the challenge is based upon the challenged voter's residency status at the time the challenged voter initially registered to vote, or that the challenge is based on grounds other than the challenged voter's residency status, the BRE shall send written notice via certified mail, return receipt requested, to the challenged voter of the challenge at the registered address of the challenged voter, and provide the challenged voter with a copy of the challenge, a copy of these procedures, and the opportunity to provide information in response to the challenge within ten (10) business days of the date of the notice.

5. If the voter supplied a phone number or email address on the registration form or in other writings such as an absentee ballot application received by the BRE, then in addition to the notice provided for in Paragraph 4 above, as soon as possible after receiving the challenge, the BRE will make at least three reasonable attempts, including at least one attempt during non-traditional working hours, to call or email the challenged voter to determine if the issue raised by the challenge can be resolved quickly, efficiently, and informally.

6. If the BRE determines that a hearing on the challenge is necessary, the BRE shall attempt to find a mutually convenient time to hold any hearing.

7. Pursuant to O.C.G.A. § 21-2-229, and in addition to the above efforts, the BRE will send a written notice informing the challenged voter and the challenger of the date, time, and place of the hearing along with a copy of the challenge, and shall state that either party may, but is not required to, be represented by counsel or another representative at the hearing. The notice will be sent by first-class mail and e-mail (if available) or in the manner provided in O.C.G.A. § 21-2-228(c). The notice must be mailed sufficiently in advance of the hearing to provide the person being challenged at least three days' notice of the date, time, and place of the hearing.

8. The challenged voter will have the right to at least one continuance of the hearing date upon request and may be granted additional continuances for good cause shown.

9. The written challenge will be posted on the BRE website within three business days of receipt of the challenge by the BRE.

10. O.C.G.A. § 21-2-229(a) requires that a challenge "be in writing and specify distinctly the grounds of the challenge." Challenges that are not in writing or which consist of vague, generalized, speculative assertions or conjecture do not satisfy this standard and must be rejected. In particular, residency-based challenges must allege facts sufficient to specifically and distinctly identify the grounds for the challenger's contention that a registered voter has not satisfied the residency requirements of O.C.G.A. § 21-2-217.

11. Under O.C.G.A § 21-2-229(c), the challenger bears the burden of proving the challenged voter is not qualified to remain on the registration list. Because O.C.G.A. § 21-2-217(b) gives presumptive effect to the registrar's decision in determining the residence of the challenged voter at the time the registration application is considered, challengers bringing residency-based challenges must produce evidence sufficient to rebut this presumption in order to sustain their burden of proving that the challenged voter is not qualified to remain on the rolls. If the challenger

fails to do so, the challenge fails and it must be rejected by the BRE pursuant to O.C.G.A. § 21-2-229(c) and 21-2-217(b).

12. Nonexclusive examples of challenges that would fail to meet the minimum standards required by Section 21-2-229(a) include:

(a) Non-individualized or generalized claims (e.g., challenges to everyone registered at a certain address);

(b) Assertions that a challenged voter's name is not affiliated with the address of registration in any governmental database. For instance, challenges based on the allegation that the voter's name is not associated with the utility bill for an address as the sole basis for challenge are insufficient because there could be many residents at a particular address who do not pay the utility company;

(c) "Voter caging" challenges—blanket challenges to large numbers of people living in certain neighborhoods—shall be rejected if they fail to specify distinctly the basis for the challenge to each voter's qualifications.

13. In considering the evidence presented in support of or in opposition to a challenge based upon a change of residence, the BRE shall not rely exclusive upon address data on file with the Georgia Department of Driver Services ("DDS") or other government databases, because voters often fail to immediately notify all government entities about address changes and, even if they do, there are often lag times before the government entity updates its files.

14. Where a voter is a legal resident of DeKalb County and otherwise qualified to vote within the meaning of O.C.G.A. §§ 21-2-216 and 21-2-217, the BRE shall not remove such individual from the voter roll on the basis that the voter faces challenges causing them to live on the streets or in shelters, vehicles, trailers, transitional housing, non-traditional housing or at businesses serving homeless, ill, displaced, economically challenged or other DeKalb County residents in need of housing assistance in the county.[1] When adjudicating such challenges, the BRE shall consider the particular circumstances of the voter and the fact that the burden of proof is on the elector who brought the challenge to prove ineligibility.

15. Pursuant to O.C.G.A. § 21-2-229, the BRE will notify challenged voters, in writing by first class, forwardable mail, and by telephone and email (if available), of any change in registration status resulting from challenge proceedings. This notification letter will specify in detail any basis for upholding the challenge.

16. Any notice sent to challenged voters indicating that the BRE has upheld a challenge will include a voter registration form and shall inform the voter that they have a right to appeal the decision by filing a petition with the clerk of the superior court within ten days after the date of the decision of the registrars and that such petition must be served upon the other parties to the

[1] Note that this is a non-exclusive list of possible alternative locations where DeKalb County's eligible voters may be living in the county.

challenge and the registrars. The notice shall also include contact information for the other parties to the challenge and the registrars to effectuate such service.

17. A copy of each written challenge upon which the BRE acts will be appended to the Minutes of the BRE meeting at which the action was taken.

18. The BRE shall not take any action on a challenge received between the fifth Monday prior to a primary or election and the date of such primary or election, including any runoffs. Any challenges received during this period shall be processed as set forth above following the certification of the primary or election results by the BRE.

19. The procedures set forth herein shall apply to challenges to voter qualifications initiated pursuant to O.C.G.A. §§ 21-2-228 and 21-2-229.

20. The BRE will not remove any voter from the registration lists based on residency issues raised by rejected challenges. No state law will be construed to permit removals based on rejected challenges or residency issues raised by rejected challenges.

21. If any members of the BRE or employees or agents of the DeKalb County Department of Voter Registration and Elections challenge the eligibility of voters in their individual capacity while they remain in that position or have a personal or business interest in the mounting of such a challenge, they must recuse themselves from deliberating, voting or otherwise participating in any way in the BRE's consideration of such challenges.

22. The BRE will process all voter challenges expeditiously and objectively, while erring in all instances on the side of preserving the voter's right to remain on the registration lists, in recognition of the statutory requirement that the challenger has the burden of proving ineligibility.